**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 97-40938**

---

**RUSSELL WILLIAM WHITLEY,**

**Plaintiff-Appellant,**

**VERSUS**

**JOHN HUNT, Unit Manager at FCI Texarkana Texas in
his individual capacity; LEJEAN MOORE, Case Manager
at FCI Texarkana Texas; KENNETH WILLIAMS, Counselor at
FCI Texarkana Texas in his individual capacity;
BUREAU OF PRISONS, Bureau of Prisons in Washington D.C.,**

**Defendants-Appellees.**

---

Appeal from the United States District Court
for the Eastern District of Texas

---

October 23, 1998

Before WIENER, BARKSDALE, and DeMOSS, Circuit Judges.

DeMOSS Circuit Judge:

Federal prisoner Russell William Whitley appeals the district court's dismissal of his claims challenging the conditions of his confinement in the federal correctional facility at Texarkana, Texas. Whitley is appearing pro se and in forma pauperis. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## BACKGROUND

Russell William Whitley is serving a sentence of thirty months at the federal correctional facility in Texarkana, Texas for drug offenses involving 170 kilograms of cocaine and 1,660 grams of heroin. In May 1997, Whitley filed an action against the Bureau of Prisons and three prison officials, (1) John Hunt, a unit manager, (2) Lejean Moore, a case manager, and (3) Kenneth Williams, a counselor. Whitley's original complaint alleges (1) that the defendants endangered his current and future health by forcing Whitley, a non-smoker, to sleep in a smoking dorm for thirteen weeks, in violation of the Eighth Amendment, (2) that the defendants discriminated against him because of his race and because he is from St. Louis, and (3) that the defendants willfully changed his security status from minimum security to low security on the basis of inaccurate information in his presentence report, in violation of the Privacy Act, 5 U.S.C.A. § 552a. Whitley also claims that the defendants have retaliated against him for filing administrative grievances. Whitley's original complaint requests that the Bureau of Prisons pay $1,000,000 in monetary damages and that he be provided future medical care. Whitley's complaint also requests $100,000 from each of the named defendants and that the named defendants be terminated from their positions with the Bureau

2

of Prisons.

The district court referred Whitley's case to a magistrate judge. The magistrate judge prepared a memorandum recommending that Whitley's claims be dismissed for failure to exhaust administrative remedies. Whitley filed objections. In his objections, Whitley sought to amend his complaint to seek monetary damages only. Whitley clarified that he was no longer requesting that the defendants be terminated and no longer requesting future medical care. Rather, Whitley amended his complaint to request "monetary damages <u>for</u> medical care" in the amount of $1,000,000 from the Bureau of Prisons and $100,000 from each of the individual defendants. Whitley argued that he was not required to pursue administrative remedies prior to bringing suit for monetary damages. Whitley also argued that some of his grievances had been rejected and that further filings would be futile.

The district court overruled Whitley's objections and entered an order dismissing Whitley's claims. Whitley's denial of medical care and discrimination claims were dismissed for non-exhaustion and without prejudice to refiling once administrative remedies were exhausted. Whitley's classification claim was dismissed with prejudice as frivolous pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(i). After the district court entered final judgment, Whitley filed a timely notice that he intended to appeal the district court's judgment.

3

## WHITLEY'S DENIAL OF MEDICAL CARE CLAIMS

Whitley claims that the individual defendants and the Bureau or Prisons demonstrated a deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Specifically, Whitley claims that he became seriously ill after he was unwillingly incarcerated in a smoking environment for thirteen weeks. The district court dismissed Whitley's claim against the individual defendants and Whitley's claim against the Bureau of Prisons for non-exhaustion.

## I.

The district court's dismissal of Whitley's denial of medical care claims for non-exhaustion was based in part upon its view that Whitley was seeking both injunctive and monetary relief. On appeal, Whitley claims that he was not required to pursue administrative remedies prior to filing suit because he was seeking solely monetary relief. We begin, therefore, with an analysis of Whitley's pleadings.

Whitley's original complaint clearly requests both monetary and injunctive relief. In his written objections to the magistrate judge's recommendation, however, Whitley sought to amend his complaint by narrowing his claims to seek only monetary relief. The district court's order gave no effect to Whitley's request.

4

Whitley was entitled to amend his pleading once as a matter of course, and without leave of court, at any time prior to the time that the defendants answered the lawsuit. *See* FED. R. CIV. P. 15(a) (providing that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served"). Although Whitley failed to present the district court with a properly styled amended complaint, his pro se attempt to narrow his pleadings was timely and should have been given effect as a matter of course. *See*, *e.g.*, **Horton v. Cockrell**, 70 F.3d 397, 402 (5th Cir. 1995). We therefore construe Whitley's pro se complaint as a request for exclusively monetary relief.

## II.

Whitley characterizes his denial of medical care claims as constitutional claims for violation of the Eighth Amendment. The district court's order dismissing Whitley's denial of medical care claims fails to distinguish between Whitley's claim against the individual defendants and Whitley's claim against the Bureau of Prisons. To the extent Whitley is alleging denial of medical care against the individual prison officials, his claim is in the nature of a **Bivens** claim.[1] "[A] **Bivens** claim is available only against

---

[1] In **Bivens v. Six Unknown Named Federal Narcotics Agents**, 91 S. Ct. 1999 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

5

government officers in their individual capacities." ***Enplanar, Inc. v. Marsh***, 11 F.3d 1284, 1294 n.12 (5th Cir. 1994). ***Bivens*** claims may not, however, be brought against agencies of the federal government. ***F.D.I.C. v. Meyer***, 114 S. Ct. 996, 1006 (1994). Whitley does not directly identify the basis of his denial of medical care claim against the Bureau of Prisons. Construing Whitley's pleadings liberally, we determine that Whitley's denial of medical care claim against the Bureau of Prisons would be actionable, if at all, only as a claim under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671-2680. *See* ***Shah v. Quinlin***, 901 F.2d 1241, 1244 (5th Cir. 1990); *see also* ***Garrett v. Hawk***, 127 F.3d 1263, 1266 (10th Cir. 1997).

## III.

Whitley argues that he was not required to pursue administrative remedies prior to filing his ***Bivens*** claim against the individual prison officials because he is seeking exclusively monetary relief, citing ***McCarthy v. Madigan***, 112 S. Ct. 1081 (1992).

Title 42 U.S.C.A. § 1997e, which now governs a federal prisoner's obligation to pursue administrative remedies prior to bringing a ***Bivens*** action against federal officials, was

---

*See* ***Zuspann v. Brown***, 60 F.3d 1156, 1157 n.2 (5th Cir. 1995).

6

substantially amended by passage of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, § 803, 110 Stat. 1321, which became effective April 26, 1996. Those amendments are applicable to Whitley's claims, which were filed in May 1997. Prior to the PLRA, § 1997e provided:

> (1) Subject to the provisions of paragraph (2), in any action brought pursuant to section 1983 of this title by an adult convicted of a crime confined in any jail, prison, or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed 180 days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available.
>
> (2) The exhaustion of administrative remedies may not be required unless the Attorney General has verified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b) of this section or are otherwise fair and effective.

42 U.S.C.A. § 1997e (1994). Thus, § 1997e imposed a limited and discretionary exhaustion requirement applicable to § 1983 claims brought by state prisoners only. Although the pre-PLRA version of § 1997e did not require exhaustion by federal prisoners, many courts (including this one) had nonetheless created a comparable exhaustion requirement for actions brought by federal prisoners challenging the conditions of their confinement. *See*, *e.g.*, **Arvie v. Stalder**, 53 F.3d 702, 704-05 (5th Cir. 1995).

The Supreme Court construed the pre-PLRA version of § 1997e in

7

*McCarthy v. Madigan*, 112 S. Ct. 1081 (1992). *McCarthy* held that a federal prisoner seeking solely monetary relief need not pursue administrative remedies prior to filing a *Bivens* suit against prison authorities. *McCarthy* was premised in large part upon the dual facts (1) that Congress had not required exhaustion by federal prisoners in § 1997e, and (2) that the Bureau of Prisons did not afford any administrative remedies that would permit the recovery of monetary damages. 112 S. Ct. at 1089-92.

Section 1997e, as amended by the PLRA, now provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e (Supp. 1998). Having expanded the exhaustion requirement to include actions brought under "any other Federal law," Congress now plainly requires federal prisoners to exhaust available administrative remedies prior to bringing *Bivens* claims. *See*, *e.g.*, *Garrett*, 127 F.3d at 1265-66 & n.2; *Alexander S. v. Boyd*, 113 F.3d 1373, 1380 (4th Cir. 1997), *cert. denied,* 118 S. Ct. 880 (1998). Therefore, that part of *McCarthy* which relied upon Congress' failure to expressly require exhaustion by federal prisoners no longer provides a viable justification for excusing a federal prisoner's failure to pursue administrative remedies. The question remains, however, whether Congress intended to require a

8

federal prisoner who is seeking exclusively monetary damages to pursue administrative remedies when, and if, there are no administrative remedies that would permit recovery of monetary damages.

This Circuit has not addressed that question. In **Garrett v. Hawk**, 127 F.3d 1263 (10th Cir. 1997), the Tenth Circuit held that § 1997e does not require a federal prisoner seeking exclusively monetary relief to pursue administrative remedies prior to filing a **Bivens** claim against prison officials. The Court reasoned that **McCarthy**'s holding that Congress did not intend to require exhaustion of unavailable remedies survived in the plain language of the amended statute. 127 F.3d at 1266; *see also* 42 U.S.C.A. § 1997e (Supp. 1998) ("No action shall be brought . . . until such administrative remedies *as are available* are exhausted.") (emphasis added). Noting that Congress had not seen fit to enact administrative remedies that would, or even could, provide monetary relief to prisoners pressing **Bivens** claims, the Court held that § 1997e could not be construed to require the exhaustion of non-existent remedies. **Garrett**, 127 F.3d at 1267; *see also* **McCarthy**, 112 S. Ct. at 1092 ("Congress, of course, is free to design or require an appropriate administrative procedure for a prisoner to exhaust his claim for money damages."). Although the Tenth Circuit is the only Circuit to have directly addressed the issue, the Ninth Circuit likewise adheres to the rule that § 1997e does not require

9

that a federal prisoner seeking only monetary relief pursue administrative remedies prior to filing a **Bivens** claim. *See*, *e.g.*, **Lunsford v. Jumao-As**, No. 96-56503, 1998 WL 683306 (9th Cir. Oct. 5, 1998).[2]

The plain language of § 1997e requires only the exhaustion of "available" administrative remedies. We infer from that term that Congress did not intend to require the exhaustion of unavailable remedies. Given that the statute does not specify when an administrative remedy will be considered "available," we must rely upon traditional methods of statutory construction to give meaning to the term.

We recently considered whether an administrative remedy remained "available" within the meaning of § 1997e. In **Underwood v. Wilson**, 151 F.3d 292 (5th Cir. 1998), the Court examined whether an administrative remedy was still "available," or instead should be deemed "exhausted," when the prisoner had filed the appropriate grievance but prison officials had failed to respond within the time period allowed by the regulations for a response. 151 F.3d at 295. The Court held that a remedy is "available" when it can be

---

[2]     Among those federal district courts that have addressed the issue, there appears to be substantial disagreement. Some district courts rely upon the plain language of the statute, which only requires exhaustion of "available" remedies. Other district courts have concluded that making the exhaustion requirement contingent upon the type of relief being sought is inconsistent with Congress' purpose in enacting the PLRA. *See* **Funches v. Reish**, No. 97-7611, 1998 WL 695904 at * 7 (S.D.N.Y. Oct. 5, 1998) (collecting cases).

10

availed "for the accomplishment of a purpose" or "is accessible or may be obtained." *Id*. (quoting WEBSTER'S NEW INTERNATIONAL DICTIONARY 150 (3d ed. 1981)). At the time Whitley filed his complaint, there were no administrative remedies capable of providing monetary recovery against the individual defendants. Had he submitted a grievance seeking exclusively monetary relief, it is likely that the grievance would have been returned as improper subject matter for administrative review. *See* **Garrett**, 127 F.3d at 1266; *see also* 28 C.F.R. § 542.12(b). We conclude that there were no "available" or accessible administrative remedies that would have accomplished the purpose of affording Whitley monetary relief.

Although decided under the pre-PLRA version of § 1997e, we are also guided by this Court's holding in **Marsh v. Jones**, 53 F.3d 707 (5th Cir. 1995), that § 1997e does not require a state prisoner seeking exclusively monetary relief to pursue administrative remedies prior to filing suit under § 1983. *Id*. at 710. As we said in that case, "[t]he import of **McCarthy** is clear: A district court should not require exhaustion under section 1997e if the prisoner seeks only monetary damages and the prison grievance system does not afford such a remedy." *Id*. We find nothing in the amended language of § 1997e that would undercut the general lessons drawn from **McCarthy** in **Marsh**. We likewise leave undisturbed this Court's pre-PLRA holding in **Arvie v. Stalder**, 53 F.3d 702 (5th Cir. 1995), that a state prisoner's mixed petition for both monetary and

11

injective relief *is* subject to § 1997e's exhaustion requirement.

We join the Ninth and Tenth Circuits in adopting the rule that federal prisoners pressing **Bivens** claims against federal officials need not pursue prison remedies when they are seeking exclusively monetary relief, and there are no prison remedies capable of affording such relief. We note, as did the Tenth Circuit in **Garrett** and the Supreme Court in **McCarthy**, that there is nothing to prevent Congress, and perhaps even the Bureau of Prisons,[3] from enacting regulations that would permit the recovery of monetary relief from individual prison officials. **McCarthy**, 112 S. Ct. at 1091-92; **Garrett**, 127 F.3d at 1267. If such remedies were available, § 1997e would require exhaustion of those remedies prior to suit. **McCarthy**, 112 S. Ct. at 1091-92; **Garrett**, 127 F.3d at 1267. Absent such remedies, however, we decline to interpret § 1997e in a manner that requires exhaustion of unavailable remedies.

---

[3] **McCarthy** reflects that whether the Bureau of Prisons has authority, absent congressional action, to enact regulations permitting monetary settlement of a **Bivens** claim is an open question. *See* 112 S. Ct. at 1091 n.6 ("Nothing in the record indicates that this authority has ever been exercised to recompense a prisoner with a **Bivens** claim."); *id*. at 1092 ("Even without further action by Congress, we do not foreclose the possibility that the Bureau itself may adopt an appropriate administrative procedure consistent with congressional intent.").

Given that Whitley has narrowed his complaint to seek exclusively monetary relief, he was not required to pursue administrative remedies prior to filing suit, and the district court's dismissal of his **Bivens** claim for denial of medical care against the individual defendants was error.


**IV.**

Neither is the district court's dismissal of Whitley's denial of medical care claim against the individual defendants harmless error. The district court entered an alternative holding that Whitley's Eighth Amendment claim for denial of medical care, even if exhausted, was frivolous within the meaning of 28 U.S.C.A. § 1915(e)(2)(B)(i). We disagree. Whitley's Eighth Amendment claim has substantial support in the law. *See*, *e.g.*, **Helling v. McKinney**, 113 S. Ct. 2475 (1993) (Eighth Amendment claim that prison officials were deliberately indifferent to serious medical needs can be based upon present and future harm from exposure to environmental tobacco smoke); **Rochon v. City of Angola**, 122 F.3d 319 (5th Cir. 1997) (claim for exposure to environmental tobacco smoke is sufficiently well established on the basis of **Helling** to defeat an official's assertion of entitlement on the basis of the pleadings to qualified immunity). Whitley's claim that he was unwillingly exposed to environmental tobacco smoke also finds substantial factual support in the record. Whitley tendered a copy

13

of the prison's policy, which provides that "[t]o the maximum extent practicable nonsmoking inmates shall be housed in nonsmoking living quarters," and that "[w]hen feasible, separate dormitories shall be provided for nonsmoking inmates, desiring such housing." Another prison document provided to Whitley spells out his rights to medical care. That document states "[y]ou have the right to a safe, clean and healthy environment, including smoke free living areas."

Whitley identified himself as a nonsmoker and requested nonsmoking living quarters when he was processed into the prison in August 1996. That same month Whitley formally requested a transfer to a nonsmoking unit, stating that the smoke was making him ill. In September 1996, the prison doctor issued a medical report that Whitley needed nonsmoking quarters. In other papers filed with the prison or prison authorities, Whitley claims to have suffered from bronchitis and a facial rash associated with the smoking environment.

We need not decide, at this stage of the litigation, whether Whitley will ultimately be able to establish an Eighth Amendment violation. The defendants have not even answered the suit. It is sufficient to say that the claim merits further development and dismissal as frivolous would be improper. *Horton*, 70 F.3d at 401.

For the foregoing reasons, the district court's dismissal of Whitley's Eighth Amendment claim that prison officials demonstrated

14

a deliberate indifference to his medical needs by exposing him to environmental tobacco smoke is reversed, and the cause remanded for further proceedings consistent with this opinion.

## V.

Whitley's obligation to pursue administrative remedies prior to filing his Federal Tort Claims Act (FTCA) claim against the Bureau of Prisons is likewise governed by federal statute. *See* 28 U.S.C.A. § 2675(a); *see also* **id**. § 2673. The federal regulations contain separate regulatory provisions providing an administrative procedure and administrative remedies for FTCA claims. *See* 28 C.F.R. §§ 0.95-0.97, 0.172, 14.1-14.11; *see also* **Garrett**, 127 F.3d at 1266. Those regulations grant the Director of the Bureau of Prisons limited authority to settle prisoner claims brought pursuant to the FTCA. *See* 28 C.F.R. § 0.172; *see also* **Garrett**, 127 F.3d at 1266. Even though those remedies would not have completely answered Whitley's initial demand for damages, Whitley was required to pursue and failed to pursue available remedies that could have afforded him substantial monetary recovery.

The district court's dismissal of Whitley's FTCA claim for denial of medical care against the Bureau of Prisons for non-exhaustion was proper and is affirmed.

## WHITLEY'S DISCRIMINATION CLAIMS

15

Whitley claims that individual prison officials and the Bureau of Prisons discriminated against him on the basis of his race and on the basis that he is from St. Louis. The district court dismissed these claims for non-exhaustion.

Our analysis of Whitley's obligation to pursue administrative remedies with respect to his denial of medical care claim applies with equal force in this context. Whitley is seeking exclusively monetary relief. The Bureau of Prisons has not enacted administrative remedies capable of providing Whitley with a monetary recovery against the individual officers. Section 1997e does not require Whitley to pursue unavailable remedies. Therefore, the district court's dismissal of Whitley's discrimination claim against the individual officials for non-exhaustion was error.

With respect to Whitley's discrimination claim, however, we conclude that any such error was harmless. Whitley's complaint alleges that he suffered discrimination on the basis of race and place of origin. Dismissal as frivolous is appropriate where a prisoner's claim lacks any factual or legal basis in the law. *Horton*, 70 F.3d at 400. Whitley's claim of racial and locality discrimination is supported only by his claim that defendant Hunt made a comment at some undisclosed time and in some undisclosed context about the way "you people" talk. Whitley never even specifies his race in his pleadings, and does not articulate why

16

discrimination on the basis that he is from St. Louis would be unlawful. Whitley's discrimination claims, which the district court characterized as "conclusory," are without factual support and legal support. For that reason, the district court's dismissal of Whitley's discrimination claim against the individual defendants may be affirmed on the basis that such claim is frivolous within the meaning of 28 U.S.C.A. § 1915(e)(2)(B)(i).

With respect to his discrimination claim against the Bureau of Prisons, Whitley was obligated to exhaust administrative remedies. Whitley failed to exhaust those remedies. Accordingly, the district court's dismissal of Whitley's discrimination claim against the Bureau of Prisons was likewise proper, either for non-exhaustion or because such claim is frivolous.

The district court's dismissal of Whitley's discrimination claim against the Bureau of Prisons is affirmed.

**WHITLEY'S CLASSIFICATION CLAIM**

Whitley claims that prison officials intentionally relied upon inaccurate records to raise his security classification, in violation of the Privacy Act, 5 U.S.C.A. § 552a. Whitley has likewise lodged this claim against both the individual defendants and the Bureau of Prisons. The district court dismissed this claim as frivolous. Having concluded a de novo review of the record, we agree.

17

In August 1996, when Whitley arrived at the Texarkana facility, his offense was characterized as "high severity" and his security classification was "minimum." Prison authorities later changed the characterization of Whitley's offense from "high severity" to "greatest severity" and his security classification from "minimum" to "low." Whitley's status was changed because Whitley's presentence report states that Whitley's offense involved a firearm. In changing Whitley's classification, the Bureau of Prisons relied upon Bureau of Prisons Program Statements defining Whitley's offense as a crime of violence requiring a "greatest severity" classification. *See* Federal Bureau of Prisons, United States Dep't of Justice, Program Statement No. 5100.06, Security Designation and Custody Classification Manual; Program Statement No. 5162.02, Definition of Term, "Crimes of Violence."

Whitley was convicted of conspiracy to distribute and possession with intent to distribute cocaine, in violation of 18 U.S.C.A. §§ 841(a)(1) and 846. The record reflects that Whitley stipulated to the sentencing court that guns were present with the drugs during the offense. In addition, Whitley concedes that his PSR accurately reports that several firearms were seized from his home. Whitley nonetheless claims that there is a misunderstanding because he was in lawful possession of the firearms. Whitley's classification claim is premised upon the fact the Bureau of Prisons officials refused to contact the probation officer or the

18

federal district court to clarify that he was in lawful, rather than unlawful, possession of firearms.

Inmates have no protectable property or liberty interest in custodial classification. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988). The classification of prisoners is a matter within the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Absent an abuse of discretion, federal courts are loathe to interfere with custodial classifications established by prison officials. *See Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989).

Whitley's Privacy Act claim requires proof that the defendants "willfully or intentionally" failed to correct inaccurate information about his sentence, that was erroneously relied upon to establish his security classification. *See* 5 U.S.C.A. § 552a(g)(1)(C), (g)(4). Whitley is essentially claiming that his sentence itself was incorrectly entered. That is an issue that should have been resolved on direct appeal from his criminal conviction.

The district court concluded, based upon these principles of law, that there was no factual or legal basis for Whitley's claim that prison officials abused their discretion by relying upon the sentence imposed against Whitley to determine his classification. We review that determination for an abuse of discretion, *Denton v.*

19

*Hernandez*, 112 S. Ct. 1728, 1734 (1992), and find none.

The district court's dismissal of Whitley's classification claim as frivolous is affirmed.


## WHITLEY'S RETALIATION CLAIMS

Whitley also alleges that the defendants have engaged in miscellaneous other acts of retaliation because he complained about being placed in a smoking environment. Whitley's claims in this regard are not well organized but involve a multitude of relatively minor offenses that would not give rise to a cognizable cause of action against either the individual defendants or the Bureau of Prisons. For example, Whitley claims he was denied the top bunk in his cell when his roommate moved out. Whitley also complains that prison officials did not allow another inmate to accompany him when he reviewed his files.

Since the district court entered final judgment, Whitley has filed additional pleadings and letters. Among those filings is Whitley's motion to supplement his pleadings to include additional slights by prison officials. The district court has not entered any disposition of that request and our records do not reflect that any motion has been filed to supplement the record in this Court. Therefore, it does not appear that Whitley's supplemental pleadings are properly before this Court. To the extent Whitley registered complaints of retaliation prior to the district court's judgment,

20

those claims were dismissed as frivolous, and that disposition is affirmed. To the extent he has registered additional complaints since that time, the district court has not addressed the issues, and those claims are not properly before this Court.

We affirm the district court's dismissal of Whitley's retaliation claims as frivolous.

## CONCLUSION

The district court's dismissal of Whitley's denial of medical care claim against individual defendants Hunt, Moore, and Williams for non-exhaustion is REVERSED and the cause REMANDED for further proceedings consistent with this opinion. The district court's dismissal of Whitley's denial of medical care claim against the Bureau of Prisons for non-exhaustion is AFFIRMED.

The district court's dismissal of Whitley's discrimination claims against all defendants is AFFIRMED. The district court's dismissal of Whitley's classification claims against all defendants is AFFIRMED. The district court's dismissal of Whitley's retaliation claims against all defendants is AFFIRMED.