IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40391
Summary Calendar
_____

LEROY ADAMS, JR.,

                                        Plaintiff-Appellant,

versus

JOHN LAYNE, Employee, Michael Unit;
ASA O. JEFFCOAT, JR., Employee,
Michael Unit,                           Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-742
- - - - - - - - - -

June 14, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Leroy Adams appeals the dismissal of his civil rights complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1), and for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e. Adams argues that the district court erred when it dismissed his case as frivolous, because he paid a partial filing fee. Under the provisions of 28 U.S.C. § 1915A(b)(1), the district court may dismiss a prisoner's suit regardless of filing fee status if it deems the complaint frivolous. Martin v. Scott, 156 F.3d

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

578, 580 (5th Cir. 1998), petition for cert. filed (Dec. 22, 1998) (No. 98-9113).

Adams argues that the district erred when it dismissed his excessive-use-of-force claim for failing to exhaust administrative remedies because such remedies are unavailable, given that he seeks monetary relief only. The district court did not have the benefit of Whitley v. Hunt, 158 F.3d 882, 887 (5th Cir. 1998), in which this court clarified that under amended § 1997e, prisoners need not pursue prison administrative remedies when they are seeking exclusively monetary relief and there are no prison remedies capable of affording such relief. Because Adams sought exclusively monetary relief on his excessive-use-of-force claim, he may not have been required to pursue administrative remedies before filing suit. See Whitley, 158 F.3d at 887; Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995); McCarthy v. Madigan, 503 U.S. 140, 150-52 (1992).

The dismissal of Adams's excessive-use-of-force claim for non-exhaustion is vacated in part and the case remanded for the district court to address the issue whether monetary relief is available through the prison grievance procedure. See id. If monetary relief is available, dismissal for non-exhaustion of administrative remedies is appropriate. If, however, monetary relief is unavailable, Adams should not be required to exhaust administrative remedies before filing suit. See Whitley, 158 F.3d at 885-87.

2

Adams argues that the district court erred when it dismissed his substantive due process claim as frivolous. Adams does not make the requisite allegation that the defendants violated his due process rights for retaliatory reasons; nor has he shown a favorable termination of the charge against him, especially considering his assertion that he was found guilty. See Woods v. Smith, 60 F.3d 1161, 1165 n.16 (5th Cir. 1995). The court did not abuse its discretion in dismissing this claim. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Adams also challenges the dismissal of his procedural due process claims as frivolous. The record indicates that Adams received the process he was due. See Sandin v. Conner, 515 U.S. 472, 474 (1995); Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). The dismissal of this claim was not an abuse of discretion. See Siglar, 112 F.3d at 193.

AFFIRMED IN PART and VACATED and REMANDED IN PART.