IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40098
Summary Calendar

_____

WENDELL K. WASHINGTON,

Plaintiff-Appellant,

versus

R. MILLER, CORRECTIONAL OFFICER 3;
J. ALFORD, WARDEN;
P. ADAMS, PROPERTY OFFICER,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:97-CV-403
- - - - - - - - - -
July 6, 1999

Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Wendell K. Washington, Texas prisoner # 649796, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint for failing to exhaust administrative remedies. See 42 U.S.C. § 1997e(a). He has also filed a motion to supplement the record on appeal.

Washington seeks to supplement the record on appeal with all docket entries as of January 23, 1998; all subsequent complaints; all official documentation substantiating his claim; his

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

witnesses statements; and his original amended and all additional complaints that are part of his statement of facts. To the extent that these documents are already included in the record, Washington's motion is unnecessary. The only documents that Washington has presented to this court which are not part of the record pertain to disciplinary action taken against Washington at the Texas Department of Criminal Justice, Institutional Division, Eastham Unit. These documents are not relevant to whether Washington has exhausted his administrative remedies, the sole issue before this court. Washington's motion to supplement the record is DENIED.

Washington contends that he was unable to exhaust his administrative remedies because he did not receive notice that his grievances had been denied until the time for filing an administrative appeal had expired. His allegation does not raise a valid excuse for failing to exhaust available administrative remedies. See Wendell v. Asher, 162 F.3d 887, 890-92 (5th Cir. 1998); Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), cert. denied, 119 S. Ct. 1809 (1999).

Because Washington is seeking exclusively monetary relief, however, it is possible that he was not required to pursue administrative remedies prior to filing suit. See Whitley v. Hunt, 158 F.3d 882, 887 (5th Cir. 1998)(clarifying that under 1997e, as amended by the Prison Litigation Reform Act, a federal prisoner need not exhaust administrative remedies that are not capable of providing redress); see Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995).

The district court's dismissal of Washington's § 1983 complaint for non-exhaustion is VACATED and the cause REMANDED for the district court to address whether monetary relief is available through the Texas Department of Criminal Justice grievance procedure.

VACATED AND REMANDED; MOTION TO SUPPLEMENT RECORD DENIED.