IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40167
Summary Calendar
_____

ALPHONSO SMITH,

Plaintiff-Appellant,

versus

UNIDENTIFIED TURKSKIN, Nurse,
Coffield Unit; DAVID CARTER,
Sergeant, Coffield Unit;
LUCIO CASTRO, Gang Intelligence,
Coffield Unit; UNIDENTIFIED
TOMKINS, Building Security,
Coffield Unit; UNIDENTIFIED
PETERSON, Ms., Nurse, Coffield Unit,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-489
_____

December 29, 1999

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Alphonso Smith appeals from the dismissal of his civil rights action for failure to exhaust prison administrative remedies. Smith contends that he did not need to exhaust prison administrative remedies because those remedies do not allow prisoners to collect damages. He alleges that he pursued

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative remedies at both steps and that he was told that he could not obtain damages.

We cannot determine whether Smith actually exhausted his administrative remedies.  Smith alleges facts suggesting that he did so for the first time on appeal.  United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995).

Smith failed to object to the magistrate judge's report and recommendations.  His contentions are reviewed under the plain-error standard.  Douglass v. United Servs. Auto. Assn., 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

A prisoner need not exhaust prison administrative remedies pursuant to 42 U.S.C. § 1997e(a) if he seeks only damages and grievance procedures do not allow for damage awards.  Whitley v. Hunt, 158 F.3d 882, 887 (5th Cir. 1998).  Smith's response to the magistrate judge's order to prove exhaustion indicated that he sought only damages.  The district court in Smith's case plainly erred by failing to find whether Texas prisoners may obtain damages in prison grievance proceedings and failing to determine whether the exhaustion requirement applies to Texas prisoners seeking only damages.  The district court's dismissal of Smith's complaint for non-exhaustion is VACATED and the cause is REMANDED for the district court to address whether monetary relief is available through the Texas prison grievance procedure.

VACATED and REMANDED.