IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60656
Summary Calendar
_____

JOHNEIL WATKINS, JR.,

Plaintiff-Appellant,

versus

JAMES V. ANDERSON, Commissioner, Mississippi Department of
Corrections, individually and in his official capacity;
WALTER BOOKER, Superintendent, individually and in his
official capacity; THOMPSON J. HENDERSON, Sergeant,
individually and in his individual capacity; JOSEPH SMITH,
Colonel, individually and in his official capacity; RONALD
ROBISON, Colonel, individually and in his official capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:99-CV-188-P-B
--------------------
April 10, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Johneil Watkins, Jr., a Mississippi prisoner, appeals from
an order denying him leave to proceed in forma pauperis (IFP) in
the district court and closing his case because he failed to
prove that he had exhausted prison administrative remedies before
seeking relief in federal court. Watkins contends that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court erred by dismissing his complaint for failure to exhaust administrative remedies.

Because Watkins sought injunctive relief and damages, he was required to exhaust administrative remedies before seeking relief in federal court.  See Whitley v. Hunt, 158 F.3d 882, 886-87 (5th Cir. 1998).  Watkins's allegation that he pursued administrative relief and was ignored, however, was sufficient to survive a dismissal with no further proceedings designed to further develop that allegation.  See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).  Thus, the district court erred in effectively dismissing the suit for lack of evidence of exhaustion without conducting any further inquiries as to what steps Watkins took.

On remand, the district court should determine whether prison officials responded to Watkins's requests for an administrative remedy.  If there was no response within the time set by the prison's Grievance Procedures, then Watkins exhausted his administrative remedies and may proceed with his suit.  See Underwood, 151 F.3d at 295.

VACATED AND REMANDED.