IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60128
Summary Calendar
_____

CALVIN MORRIS SMITH,

                                    Plaintiff-Appellant,

versus

EARL JACKSON, Case Manager, Supervisor;
STATE OF MISSISSIPPI DEPARTMENT OF CORRECTIONS;
AREA (I) UNIT 29 ADMINISTRATION, PARCHMAN,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:99-CV-143-B-D
--------------------
October 6, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

    Calvin Morris Smith, Mississippi prisoner # 48826, appeals
the district court's dismissal of his 42 U.S.C. § 1983 civil
rights action as frivolous pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(i).  Smith argues that his due process rights
were violated because Jackson refused to increase his custody
status.  Because inmates have no protectable property interest in
custodial classification, the district court did not abuse its
discretion in dismissing Smith's due process claim as frivolous

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

pursuant to § 1915(e)(2)(B)(i).  See Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998).

Smith argues that Jackson's denial of his custody status increase violated his equal protection rights because some prisoners who were free of disciplinary violations for six months received custody status increases while he did not.  Smith's claim is without merit as Smith's classification does not involve a suspect class or impinge upon a fundamental right.  Further, the denial of a custody status increase had a rational basis because Smith had committed a disciplinary violation within the preceding year.  See Rolf v. City of San Antonio, 77 F.3d 823, 827 (5th Cir. 1996).

Smith argues that his double jeopardy rights were violated because he received two punishments for a disciplinary violation. The Double Jeopardy Clause does not apply to prison disciplinary proceedings.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Showery v. Samaniego, 814 F.2d 200, 202 (5th Cir. 1987).

For the first time on appeal, Smith argues that: (1) his due process rights were violated because the Classification Committee denied his right to a classification hearing before he was released from administrative segregation; (2) the Classification Committee should have assigned him to a job which was consistent with his medical restrictions; and (3) he has a protected liberty interest under Miss Const. Art. 3 § 14, and Miss. Code Ann. §§ 47-5-99 to 47-5-103.  Because these claims were not presented to the district court, this court will not address them.  See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir.

1999); <u>Burch v. Coca-Cola</u>, 119 F.3d 305, 319 (5th Cir. 1997) ("This Court will not consider on appeal a claim not submitted to the district court.").

The district court's dismissal of Smith's § 1983 action as frivolous and the dismissal of this appeal as frivolous count as two separate strikes for purposes of 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996). Smith is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> § 1915(g).

This appeal is without arguable merit and therefore, frivolous. <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2. Smith's motion to relocate to the Delta Correctional Facility in Greenwood, Mississippi, is DENIED.

APPEAL DISMISSED; MOTION TO RELOCATE PRISONER DENIED; ISSUE SANCTION WARNING.