IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40885
Summary Calendar

_____

WOODIE SORRELLS,

Plaintiff-Appellant,

versus

CORRECTIONAL OFFICERS, Beto I; UNIDENTIFIED MCNEAL,Sergeant, Beto
I; UNIDENTIFIED ATWOOD, Captain, Beto I; UNIDENTIFIED FURGUSON,
Officer, Beto I; UNIDENTIFIED PATTERSON, 1st shift, Beto I;
UNIDENTIFIED LEONARD, Correctional Officer III, Beto I; MEDICAL
STAFF, Beto I; UNIDENTIFIED KITCHENS, Nurse, Beto I; DOCTOR,
Psychiatric Doctor, Beto I; INFIRMARY ADMINISTRATOR, Beto I;
STATE OF TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-177
--------------------
December 19, 2000
Before HIGGINBOTHAM, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[1]

Woodie Sorrells (Texas prisoner #801754) appeals the district

court's dismissal of his civil rights action without prejudice for

failure to exhaust administrative remedies in accordance with 42

U.S.C. § 1997e(a).  Because Sorrells failed to object to this basis

for dismissal when recommended in the magistrate judge's report,

_____

    [1]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

review is for plain error only.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

Sorrells does not dispute that he failed to exhaust his claims through Step 2 of the Texas Department of Criminal Justice's (TDCJ) grievance system.  Instead, he maintains that he exhausted all "available" administrative remedies because he received a favorable response to his Step 1 grievance and because his civil rights complaint requested money damages, which are unavailable through the grievance system of the TDCJ.

Sorrells' assertion that he requested money damages in his complaint is inconsistent with his pleadings in the district court. See Wendell v. Asher, 162 F.3d 887, 892 n.2 (5th Cir. 1998).  Even if Sorrells' complaint requested money damages, it also requested injunctive and declaratory relief, which subjected him to § 1997e's exhaustion requirement.[1]  See Whitley v. Hunt, 158 F.3d 882, 887 (5th Cir. 1998).  Sorrells' complaint is stamped as having been "Tendered for Filing" in the district court on March 22, 2000, which was one day prior to the date of the favorable response in his Step 1 grievance.  Thus, Sorrells' suit was filed prematurely, and the district court committed no error, plain or otherwise, in dismissing his suit without prejudice for failure to exhaust administrative remedies.  See Wendell, 162 F.3d at 891-92;

---

[1]  Although Sorrells filed a motion to amend his complaint in an effort to limit his requested relief to money damages, his motion went unaddressed by the district court.  Sorrells presents no argument that the district court erred in failing to give effect to his motion to amend and, consequently, has waived the issue.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

<u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1133 (1999).

AFFIRMED.