**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-11215
Summary Calendar
_____

GERALD N. LEE,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
S. DAYLASATOS, Assistant Warden; SERGEANT SHAGEL,
Unit Grievance Coordinator; DR. VAHORA, Medical Doctor;
CAPTAIN FRYE, Temporary Unit Grievance Coordinator;
OFFICER LOPEZ, Corrections Officer; LIEUTENANT ORTEZ;
CAPTAIN HARLIN,

Defendants-Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CV-68-BG
--------------------------------------------------------
June 28, 2001
Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Gerald N. Lee, Texas prisoner #784007, appeals the dismissal of his civil-rights action as

frivolous.  Lee's motions for appointment of counsel and injunctive relief are DENIED.

Lee contends that he received inadequate medical care for posttraumatic stress disorder

(PTSD).  He does not allege facts regarding the details of his PTSD, nor does he argue how the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

treatment he has received has been inappropriate. He has failed to brief the issue for appeal. It is abandoned. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Lee alleges that he was discharged from an inpatient psychiatric hospital and sent to a general-population hospital against the advice of the mental health supervisor for the University of Texas Medical Branch in retaliation for naming a physician in his civil suit. Lee does not argue the issue beyond making the allegation outlined above; he has failed to brief the issue for appeal. It too is abandoned. *Brinkmann*, 813 F.2d at 748.

Lee argues that the defendants were deliberately indifferent to his safety when he was incarcerated at the Montford Unit, where he alleges that he was stabbed by another prisoner. Lee testified at the *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), hearing that Officer Lopez was named as a defendant because she read from his psychiatric file to other prisoners and referred to Lee as a "stupid cop" while reading from the file. It is arguable that a prison guard should know that a former police officer could be endangered were his status to be revealed to other prisoners. Regarding the remaining Montford Unit defendants, Lee testified at the *Spears* hearing that he had received threats and that he told his psychologist, his psychiatrist, prison staff, and officers; that he submitted an emergency grievance; and that his parents called prison administrators. According to Lee, Captain Frye told him that there was no place to keep him and that the grievance office was experiencing delays; Lieutenant Ortez told him that the grievance office was busy and that he was a "smart ass" for asking if he was supposed to die because the grievance office was busy; and Captain Harlin told him that there was no place to put him in a one-man cell on the Montford Unit. Lee named Assistant Warden Daylasatos and Grievance Coordinator Sergeant Shagel for denying his grievances. Lee has stated a nonfrivolous claim that the defendants were deliberately indifferent to his safety. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). The magistrate judge erred by making a credibility determination on Lee's claim based on a prison investigative report. *See Williams v. Luna*, 909 F.2d 121, 124 (5th Cir. 1990); *Cay v. Estelle*, 789 F.2d 318, 326-27 (5th Cir. 1986). As to Lee's contention that the defendants were deliberately indifferent to his safety on the

2

Montford Unit, the judgment of the district court is reversed, and the case is remanded for further proceedings. As to Lee's contention regarding Wayne Scott, the dismissal of the contention is affirmed; Lee seeks to hold Scott liable under a theory of vicarious liability. *See Baskin v. Parker*, 602 F.2d 1205, 1207-08 (5th Cir. 1979).

The district court should consider on remand whether Lee's complaint should be dismissed for failure to exhaust administrative remedies regarding the claim of deliberate indifference to his safety, *Whitley v. Hunt*, 158 F.3d 882, 887 (5th Cir. 1998), after providing Lee an opportunity to show whether he has exhausted his administrative remedies.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.