UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40063

_____

MARK ERIC WRIGHT,

Plaintiff-Appellant,

versus

GAYLE HOLLINGSWORTH, ETC., ET AL,

Defendants,

GAYLE HOLLINGSWORTH, Registered Nurse at Telford,
Individually and in official capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____
July 24, 2001

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

This case returns to us for rehearing and renews the question whether the district court properly dismissed, for failure to exhaust prison grievance remedies, the appellant's § 1983 claim against a prison nurse.

In Booth v. Churner, ____ U.S. ____, 121 S.Ct. 1819 (2001), the Supreme Court held that Congress intended a prisoner to

invoke "such administrative remedies as are available" in the prison, without regard to whether the grievance procedure affords money damage relief, before he may file suit contesting prison conditions in federal court. 42 U.S.C. § 1997e(a) (West Supp. 1999). Before Booth was decided, the instant case had been voted en banc to reconsider such of our decision as Whitley v. Hunt, 158 F.3d 882 (5th Cir. 1998), that did not mandate exhaustion. After Booth, this case was remanded from en banc court to the original panel because the Supreme Court's decision effectively overruled Whitley.

Quibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth. Justice Souter summed up the Court's conclusion in a footnote:

> Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative sources.

121 S.Ct. at 1825, n.6. The major issue raised by Wright, that he need not exhaust if money damages were unavailable through the grievance procedure of the Texas Department of Criminal Justice, is thus resolved.

Wright asserts other issues, however, in light of Booth and in response to this panel's request for supplemental letter briefs on remand. First, Wright contends that "in contrast to

2

<u>Booth</u>", his complaint seeks redress for his injury (a ruptured eardrum) and pain and suffering, harms that can only be relieved by money damages. This is but another way of narrowly parsing the "available" "remedies" language in § 1997e(a); it legally and factually mischaracterizes <u>Booth</u>, where only money damages were sought when the case got to court; and it is unconvincing.

Second, Wright alleges that he substantially complied with the TDCJ administrative procedures by filing a Step One grievance, which put the prison on notice of his complaint and offered the authorities an opportunity to mediate the dispute. But he did not pursue the grievance remedy to conclusion. Nothing in the Prison Litigation Reform Act,[1] however, prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems. TDCJ has promulgated a detailed, complex and carefully thought-out program to facilitate the filing of grievances and assure their prompt, dispassionate investigation. The PLRA required Wright to exhaust "available" "remedies", whatever they may be. His failure to do so prevents him from pursuing a federal lawsuit at this time.[2]

---

[1] Pub. L. No. 104-34, Title I, § 101(a), 110 Stat. 1321-71 (1996).

[2] The 42 U.S.C. § 1997e exhaustion requirement is not jurisdictional and may be subject to certain defenses such as waiver, estoppel or equitable tolling. <u>Underwood v. Wilson</u>, 151 F.3d 292, 294-95 (5th Cir. 1998).

3

Third, Wright criticizes Hollingsworth, the remaining defendant, for not timely raising her exhaustion defense in the district court. Even if we allow that the procedural development of this case has been erratic, it is too late for Wright's waiver claim, newly raised after three years of litigation and after remand from the Supreme Court.

Wright's final points request, if all else fails, dismissal without prejudice and equitable tolling of the Texas statute of limitations during the pendency of this action and any additional state administrative proceedings. These modifications of the judgment are appropriate. See Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998) (dismissal without prejudice); Harris v. Hegman, 198 F.3d 153, 157-59 (5th Cir. 1999) (under PLRA exhaustion requirement, limitations on a prisoner's § 1983 claims is tolled during administrative proceedings).

For the foregoing reasons, the judgment of the district court is AFFIRMED as MODIFIED, i.e., Wright's case is dismissed without prejudice pending exhaustion of TDCJ grievance procedures and limitations will be tolled pending exhaustion.

**AFFIRMED as MODIFIED.**