IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40676
Summary Calendar
_____

CARLOS B CRUZ

                    Plaintiff - Appellant

    v.

UNITED STATES BUREAU OF PRISONS; KATHLEEN HAWK; O IVAN WHITE,
South Central Regional Director; RONALD G THOMPSON, Current South
Central Regional Director; LUCY MALLISHAM; ERNEST CHANDLER,
Warden at United States Penitentiary Beaumont; RICK MCINTOSH,
Unit Manager/Unit 343/United States Penitentiary Beaumont; RITA
SACKETT, Case Manager/Unit 343/United States Penitentiary
Beaumont

                    Defendants - Appellees

                --------------------
        Appeal from the United States District Court
           for the Eastern District of Texas
                USDC No. 1:99-CV-680
                --------------------
                   February 5, 2003

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Carlos B. Cruz, federal prisoner # 36480-019, appeals the

district court's summary-judgment dismissal of his Privacy Act

claim.  Cruz argues that the Bureau of Prisons has willfully

failed to remove from his Central File an inaccurate Drug Task

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Force letter which implicates him in four murders, which letter Cruz alleges was erroneously used to support adverse decisions regarding his custodial status.

We review the district court's summary-judgment decision de novo. E.g., Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912 (5th Cir. 1992). The classification of prisoners is a matter left within the discretion of prison officials, and Cruz has failed to establish an abuse of that discretion. See Whitley v. Hunt, 158 F.3d 882, 889-90 (5th Cir. 1998), abrogated on other grounds by, Booth v. Churner, 532 U.S. 731, 735 (2001). The challenged information contained in the Drug Task Force letter is corroborated by information contained in Cruz's Presentence Report; the Drug Task Force letter was not the sole basis for Cruz's custodial classification; and Cruz never submitted information refuting the information contained in his Central File, as he was entitled to do pursuant to Federal Bureau of Prisons' Program Statement No. 5800.11.

AFFIRMED; MOTION TO FILE REPLY BRIEF OUT OF TIME GRANTED.