IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-41334
Summary Calendar

---

CLINT EDWARD CLARK,

Plaintiff-Appellant,

versus

ERNEST V. CHANDLER; R.L. SMITH; P. DOTY; L. GORDON;
M. NEUMAN; AL HAYNES; P. MRRICK; J. WILLIAMS;
T. FRITZ; L. LABORDE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-902
--------------------
March 13, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Clint Edward Clark, federal prisoner # 29919-004, appeals the district court's summary judgment dismissal of his Privacy Act claims. Clark argues that: (1) the Bureau of Prisons ("BOP") disclosed sensitive medical information contained in his presentence report ("PSR") in violation of the Privacy Act and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) he has suffered adverse determinations due to the BOP's refusal to correct erroneous information contained in his PSR.

The Privacy Act permits the disclosure of agency records to the employees of the agency that maintains the records who "have a need for the record in the performance of their duties." 5 U.S.C. § 522a(b)(1). In this case, the medical information in Clark's central file was disclosed to BOP employees who were responsible for making decisions concerning Clark's classification. Accordingly, Clark has not demonstrated that the BOP's limited disclosure of the medical information violated his rights under the Privacy Act. See id.

A claim for failure to maintain accurate records under the Privacy Act requires "proof that the [BOP] 'willfully or intentionally' failed to correct inaccurate information . . . that was erroneously relied upon to establish [Clark's] security classification." See Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998), abrogated on other grounds by, Booth v. Churner, 532 U.S. 731, 735 (2001). To the extent that Clark is challenging the accuracy of the medical information contained in the PSR, his contention is without merit because he acknowledges that he is being treated for the illness set forth in the PSR. To the extent that Clark is challenging the accuracy of the findings and calculations contained in the PSR, his claim is not cognizable under the Privacy Act. See 5 U.S.C. § 522a. A challenge to a federal sentence that is based on the incorrect application of the

2

sentencing guidelines should be brought on direct appeal.  <u>See</u> 18 U.S.C. § 3742(a).  Accordingly, the judgment of the district court is AFFIRMED.