IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

**Charles R. Fulbruge III**
**Clerk**

No. 03-60774
Conference Calendar

CLIFTON J. EPPS,

Plaintiff-Appellant,

versus

CHRISTOPHER EPPS, Commissioner; DAVID RUFFIN, Classification
Board Member; DILWORTH RICKS, Classification Board Member;
BEVERLY K. MCMULLEN, Classification Board Member,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:03-CV-149-D-A
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Clifton J. Epps, Mississippi prisoner # 43419, moves for
leave to proceed in forma pauperis ("IFP") to appeal the district
court's dismissal of his 42 U.S.C. § 1983 complaint.  The
district court dismissed pursuant to 28 U.S.C. § 1915(e)(2) for
failure to state a claim.  Epps's IFP motion is a challenge to
the district court's certification that his appeal is not taken
in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir.
1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Epps argues that the district court misconstrued his complaint; he argues that he was challenging the amendment of his indictment or conviction and his classification as a violent offender. In either case, he is challenging his custodial classification. We have held on numerous occasions that "[i]nmates have no protectable property or liberty interest in custodial classification." Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998) (change in security classification based on allegedly inaccurate information).

Epps has not shown that the district court erred in certifying that his appeal would not be in good faith, and he has not shown that he will present a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we uphold the district court's certification that the appeal is not taken in good faith. The motion for leave to proceed IFP is DENIED and the appeal is DISMISSED as frivolous. Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of the complaint and the dismissal of the appeal each count as a strike under 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Epps is CAUTIONED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he

is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.