United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30381
Summary Calendar
_____

ROY HENRY,

                                        Plaintiff-Appellant,

versus

LEROY HOLLIDAY; PETE TOLAR; PAT BOOK; JOSSIE SPANN;
MISTY McGEE; RONNIE BOOK; CLOVIS TILLERY; WILLIAM T.
SAVAGE; NURSE LEWIS; WARDEN SPINNER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CV-2118
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Roy Henry, a Louisiana prisoner (# 129195), appeals from the district court's sua sponte order dismissing his pro se 42 U.S.C. § 1983 civil rights action as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

    In his complaint and in a lengthy Statement of Facts, Henry sued 12 officials at several different Louisiana prisons at which he had been confined, alleging that they had been deliberately indifferent with respect to providing medical care for his diabetic condition.  Henry maintained that officials had denied

------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him medication, diabetic-friendly food trays, eyeglasses, and a "bottom bunk pass." The magistrate judge concluded that his allegations in support of each of these claims were insufficient to establish an Eighth Amendment violation. In his appellate brief, Henry has failed to make specific arguments with respect to any of his medical-care claims or to cite the portions of the record upon which he relies. Accordingly, we conclude that Henry has effectively abandoned these claims, in that they are inadequately briefed. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

Henry contends that the district court abused its discretion by denying his motion to amend his complaint, a motion that he filed two days after the magistrate judge had issued a report recommending that his complaint be dismissed as frivolous. Although it is possible that the district court erred in denying this motion, see Whitley v. Hunt, 158 F.3d 882, 884 (5th Cir. 1998), Henry has failed to demonstrate that any error was anything other than harmless. See Bazrowx v. Scott, 136 F.3d 1053, 1054-55 (5th Cir. 1993); State of La. v. Litton Mortgage Co., 50 F.3d 1298, 1299 (5th Cir. 1995); FED. R. CIV. P. 61. In the proposed amended complaint, Henry alleged only that several prison officials had failed to re-fill a prescription for glucose pills within three days, an assertion that failed to state a cognizable deliberate-indifference claim. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The judgment of the district court is AFFIRMED.