IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21026
Conference Calendar
_____

THOMAS ANDREW GOODEN, SR.,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3244
--------------------
August 22, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Thomas Andrew Gooden, Sr., Texas inmate #790889, appeals the dismissal as frivolous of his civil rights complaint.

Gooden argues that his due process and equal protection rights were violated by his initial classification at line class 3 when he reentered TDCJ custody in 1996. He contends that Texas law required his initial classification to be line class 1, a classification he did not receive until February 1997. A Texas inmate does not have a constitutionally protected interest in his custodial classification or in a certain good-time earning

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

status.  See Malchi v. Thaler, 211 F.3d 953, 958-59 (5th Cir. 2000); Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998).  The district court did not abuse its discretion in dismissing the complaint as frivolous.  See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998), cert. denied, 119 S. Ct. 2405 (1999).

We do not consider for the first time on appeal Gooden's arguments and added allegations concerning a purported error in the length of his sentence or concerning retaliation through disciplinary cases.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 120 S. Ct. 982 (2000).  Moreover, his implied challenge to the length of his sentence is an issue which must be presented through habeas proceedings.  See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).

Gooden's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  The dismissal of the original complaint as frivolous and the dismissal of this appeal as frivolous count as two "strikes" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Gooden that once he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED.  TWO-STRIKE WARNING ISSUED.