United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40438
Summary Calendar

PATRICK MOZEE,

                                        Plaintiff-Appellant,

versus

UNIDENTIFIED CROWLEY, Lieutenant; HENRY REECE, Sergeant;
DAVID STACKS, Senior Warden; UNIDENTIFIED COMPEAU, Officer;
JOHN RUPERI, Warden; ANECIA ROSS, Correctional Officer III;
TACOMA JEFFERSON, Correctional Officer III; CHARLES BRANNAN,
Correctional Officer III; MICHAEL DOWNS, Correctional Officer IV;
OFFICER RANDY MCBAIN, Correctional Officer IV; NORRIS JORDAN,
Lieutenant; DWAYNE DEWBERRY, Major; LIEUTENANT WILLIAM D. GADDIS,
JR., Captain; BRUCE ROSEBERRY, Captain,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:04-CV-134
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Patrick Mozee, Texas inmate # 884424, appeals the dismissal

of his civil rights complaint filed under 42 U.S.C. § 1983 as

frivolous pursuant to 28 U.S.C. § 1915A(b).  Mozee's claim for

money damages on the basis that the defendants conspired not to

protect him from the death threats of other inmates lacks a basis

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in law because Mozee was not physically attacked and does not allege physical injury. See Geiger v. Jowers, 404 F.3d 371, 371 (5th Cir. 2005); 42 U.S.C. § 1997e(e). Mozee is not entitled to injunctive relief on his failure-to-protect claim because he has been transferred to another unit and he has not shown a likelihood of future harm. See City of Los Angeles v. Lyons, 461 U.S. 95-109 (1983); Geiger, 404 F.3d at 374.

Mozee's claim that the defendants failed to respond to his grievances does not implicate a constitutional right. See Geiger, 404 F.3d at 373-74. Likewise, Mozee's claim that he was entitled to protective custody fails because he has no constitutional right to a particular classification. Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998), abrogated in part on other grounds, Booth v. Churner, 532 U.S. 731 (2001); see also Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Mozee's claim that the district court erred when it denied his motion for the appointment of counsel fails because his case did not involve exceptional circumstances. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1992). Nor was he entitled to expert witnesses at his hearing under Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

By failing to brief his claims that the defendants engaged in cruel and unusual punishment during a strip search, denied him access to the courts, and denied him food, Mozee has abandoned

them.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Because Mozee's appeal lacks any legal point arguable on its merits, it is dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of Mozee's complaint by the district court counts as a strike under 28 U.S.C. § 1915(g), as does the dismissal of this appeal.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(g).  Mozee is warned that if he accumulates a third strike, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.