United States Court of Appeals,

Fifth Circuit.

No. 97-30166

Summary Calendar.

Raymond ROCHON, Plaintiff-Appellant,

v.

CITY OF ANGOLA, LOUISIANA;  State of Louisiana;  John P. Whitley,
Warden, Louisiana, State Penitentiary;  Richard Stalder, Secretary;
Edwin Edwards;  Burl Cain, Warden, Louisiana State Penitentiary,
Defendants-Appellees.

Sept. 24, 1997.

Appeals from the United States District Court for the Middle
District of Louisiana.

Before DUHÉ, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:

Raymond Rochon, Louisiana prisoner # 93625, filed a civil
rights complaint under 42 U.S.C. § 1983 against the City of Angola,
Louisiana;  the State of Louisiana;  former Governor Edwin W.
Edwards;  Secretary of the Department of Corrections Richard
Stalder;  Warden Burl Cain;  and Warden John P. Whitley.  Rochon
complained that since the beginning of his incarceration in 1981,
he has been required to live and work "in environments filled with
tobacco smoke."  Rochon asserted that even if the tobacco smoke had
not already harmed his health, the smoke posed a threat to his
health in the future.

The district court granted the motion of defendants Whitley,
Cain, and Stalder, based on qualified immunity, to have Rochon's
complaint dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure

1

to state a claim. A Rule 12(b)(6) dismissal will be affirmed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McCormack v. National Collegiate Athletic Ass'n,* 845 F.2d 1338, 1343 (5th Cir.1988) (internal quotation and citation omitted).

This court conducts a bifurcated analysis to assess whether a defendant is entitled to qualified immunity. *Harper v. Harris County, Texas,* 21 F.3d 597, 600 (5th Cir.1994). The first step is to determine whether the plaintiff has alleged a violation of a clearly established constitutional right. This court uses "currently applicable constitutional standards to make this assessment." *Rankin v. Klevenhagen,* 5 F.3d 103, 106 (5th Cir.1993). If the court finds no constitutional injury, it need not address the issue of qualified immunity. *Quives v. Campbell,* 934 F.2d 668, 671 (5th Cir.1991). The second step is to determine "whether the defendant's conduct was objectively reasonable." *Spann v. Rainey,* 987 F.2d 1110, 1114 (5th Cir.1993); *see also Harper,* 21 F.3d at 600. The reasonableness of the conduct must be assessed in light of the law as it existed at the time of the conduct in question. *Harper,* 21 F.3d at 601.

In *Helling v. McKinney,* 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), the Supreme Court addressed the issue of exposure to environmental tobacco smoke (ETS) and held that the prisoner stated a cause of action under the Eighth Amendment by his allegation that prison officials were deliberately indifferent to his serious medical needs by exposing him to ETS which posed an

unreasonable risk to his health. *See Helling,* 509 U.S. at 35-36, 113 S.Ct. at 2481-82. With respect to the qualified-immunity analysis, the Supreme Court noted that determining whether conditions of confinement violate the Eighth Amendment "requires a court to assess whether society considers the risk that the prisoner complains of [ETS] to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling,* 509 U.S. at 36, 113 S.Ct. at 2481. Rochon has alleged that he was forced to live and work in environments filled with tobacco smoke and that the prison smoking policies amounted to an unreasonable risk and deliberate indifference to his health. It is not beyond doubt that he can prove no set of facts establishing both of his allegations showing that this situation would not be within contemporary standards of decency. *Helling,* 509 U.S. at 36, 113 S.Ct. at 2481. Accordingly, the portion of the district court's judgment dismissing defendants Whitley, Cain, and Stalder under Rule 12(b)(6) is VACATED and REMANDED for appropriate proceedings. The remainder of the district court's judgment is AFFIRMED.

AFFIRM IN PART, VACATE AND REMAND IN PART.