United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 16, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-60902
Summary Calendar

_____

MARIE BROWN, Mother and Next Friend of Nicole Brown,

Plaintiff-
Appellee,

versus

LONG BEACH POLICE DEPARTMENT; ET AL.,

Defendants,

ANTHONY KALLAS,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CV-697
-------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges:

PER CURIAM:[*]

Officer Anthony Kallas appeals the district court's denial of his motion to dismiss plaintiff's

42 U.S.C. § 1983 complaint on the basis of qualified immunity. See FED. R. CIV. P. 12(b)(6). Officer

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kallas argues that there was no evidence that he violated any clearly established constitutional rights of Nicole Brown and that even if his tackling of Brown was unconstitutional, there was no caselaw indicating as much at the time of the arrest.

Qualified immunity shields police officers from suit "unless their conduct violates a clearly established constitutional right." Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003). Brown, a teenage girl weighing less than 100 pounds with no known history of violence, alleged that when she fled from Officer Kallas, a 300 pound man who was attempting to arrest her for truancy, he chased and tackled her and her pelvis was broken as a result of the tackle. As the facts are not in dispute, it does not appear beyond doubt that Brown will be unable to prove the elements of an excessive force claim. See Rochon v. City of Angola, 122 F.3d 319, 320 (5th Cir. 1997); Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996).

Officer Kallas argues that the right was not "clearly established" at the time of the arrest. See Mace, 333 F.3d at 623. Although there was no caselaw expressly prohibiting the tackling of a fleeing teenage girl weighing less than 100 pounds, there was no caselaw permitting it, and the right under the Fourth Amendment to be free from the excessive use of force by law enforcement officers was clearly established. See Ikerd, 101 F.3d at 433-34. It does not appear beyond doubt that Brown will be unable to prove that Officer Kallas' actions were objectively unreasonable, especially in light of the nonviolent nature of the offense for which he was arresting her (truancy) and the apparent lack of threat she posed to anyone. See Gutierrez v. City of San Antonio, 139 F.3d 441, 447 (5th Cir. 1998). The district court did not err in denying Officer Kallas' motion to dismiss based on qualified immunity.

AFFIRMED.