**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 27, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40400
Summary Calendar

GETZELL JOHNSON MURRELL, SR.,

Plaintiff-Appellant,

versus

ERNEST V. CHANDLER, Warden; MARIE J. CARTER, Administrative
Warden; AL HAYNES, Associate Warden; RONALD G. THOMPSON,
Regional Director; O. IVAN WHITE, Assistant Regional
Director; ET AL.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-184
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Getzell Johnson Murrell, federal inmate # 87468-011, appeals
the dismissal of his suit filed pursuant to *Bivens v. Six Unknown
Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
Murrell's argument that he was not required to exhaust his
administrative remedies because he sought only monetary damages
is unavailing. *See Booth v. Churner*, 532 U.S. 731, 741 (2001);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); 42 U.S.C. § 1997e. Murrell's argument that the district court erred when it determined that his claims of denial of access to the courts and denial of an adequate law library were time-barred lacks a factual predicate. The district court did not rule that those claims were time-barred.

Murrell argues that the district court erred when it dismissed Murrell's equal protection claim relative to his longevity wages for failure to state a claim for which relief could be granted. The dismissal was not error because Murrell's equal protection claim was not based on discriminatory treatment due to some personal or class characteristic. *See Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993); *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

Murrell also argues that the district court erred when it dismissed his claim that prison officials violated his Eighth Amendment rights against cruel and unusual punishment by exposing him to environmental tobacco smoke (ETS). In *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993), the Supreme Court addressed the issue of exposure to ETS and held that the prisoner stated a cause of action under the Eighth Amendment when he alleged that prison officials were deliberately indifferent to his serious medical needs by exposing him to ETS which posed an unreasonable risk to his health. With respect to its qualified-immunity analysis, the Supreme Court noted that determining whether

conditions of confinement violate the Eighth Amendment "requires a court to assess whether society considers the risk that the prisoner complains of [ETS] to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id*. at 36.

In *Rochon v. City of Angola*, 122 F.3d 319, 320 (5th Cir. 1997) this court recognized that a prisoner states an Eighth Amendment claim if he alleges that he was exposed to ETS for a sustained time, even if the ETS had not already harmed his health. To the extent that Murrell alleged that his future health was harmed by prolonged exposure to ETS and that prison officials were deliberately indifferent to his health, he states a claim for which relief may be granted. *See Helling*, 509 U.S. at 37; *Rochon*, 122 F.3d at 320; *Whitley v. Hunt*, 158 F.3d 882, 888 (5th Cir. 1998). Accordingly, the portion of the district court's judgment dismissing Murrell's Eighth Amendment claim relative to his exposure to ETS for failure to state a claim for which relief may be granted is VACATED, and the case is REMANDED for appropriate proceedings. The remainder of the district court's judgment is AFFIRMED.

AFFIRM IN PART, VACATE AND REMAND IN PART.