United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-60525
Summary Calendar

ELONZO HARRY,

Plaintiff-Appellant

MARILYN HARRY,

Appellant

versus

LAUDERDALE COUNTY,
SARAH P. SPRINGER,
BILLIE SOLLIE,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
(4:04-cv-00207-TSL-JMR)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Elonzo and Marilyn Harry (the "Harrys") appeal a Rule 12(b)(6) dismissal of their claims

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

against Judge Sarah P. Stringer and a subsequent summary judgment ruling dismissing their claims against Sheriff Billie Sollie and Lauderdale County, Mississippi. For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 27, 2002, Mattie Bell Harry, Elonzo Harry's former wife, filed suit in Lauderdale County, Mississippi, seeking enforcement of Elonzo's child support obligations arising out of a divorce judgment entered in Lamar County, Mississippi, on February 4, 1993. Since the divorce, Mattie Bell and the child had moved from Lamar County to Lauderdale County. On May 3, 2002, Judge Stringer, a Lauderdale County Chancery Court Judge, conducted a hearing and found Elonzo in contempt for failing to pay child support and ordered him jailed. From jail, Elonzo filed a motion to set aside judgment, arguing that the Lauderdale County Chancery Court did not have jurisdiction to enforce the 1993 Lamar County Chancery Court divorce judgment. In response, Mattie Bell argued that because she and the child were residents of Lauderdale County, the Lauderdale County Chancery Court had jurisdiction over the matter pursuant to MISS. CODE ANN. § 93-11-65, which provides in part,

> [T]he chancery court of the proper county shall have jurisdiction to entertain suits for the custody, care, support, and maintenance of minor children and to hear and determine all such matters, and shall, if need be, require bond, sureties, or other guarantee to secure any order for periodic payments for the maintenance or support of a child . . . . All actions herein authorized may be brought in the county where the child is actually residing, or in the county of the residence of the party who has actual custody, or of the residence of the defendant.

Judge Springer denied Elonzo's motion, stating that she had determined that the Lauderdale County Chancery Court had personal and subject matter jurisdiction after reviewing the relevant statutes and case law. Elonzo appealed to the Mississippi Court of Appeals, which reversed Judge Stringer's decision. The Court of Appeals held that the Lamar County Chancery Court had exclusive

2

and continuing jurisdiction over contempt matters pertaining to the non-payment of child support. *Harry v. Harry*, 856 So. 2d 748 (Miss. Ct. App. 2003).

The Harrys subsequently filed suit in federal district court against Judge Stringer, Sheriff Sollie, and Lauderdale County, seeking compensatory and punitive damages for Elonzo's wrongful incarceration pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 and Mississippi law. The federal claims were based on the argument that Elonzo's First, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights were violated. The state-law causes of action were for abuse of process and loss of consortium. Judge Springer filed a Rule 12(b)(6) motion to dismiss, arguing that the claims against her were barred by the doctrine of absolute judicial immunity. The court granted the motion. Following the Rule 12(b)(6) dismissal, Sheriff Sollie and Lauderdale, County filed a Rule 56 motion for summary judgment, arguing that if the claims against Judge Springer were barred by absolute judicial immunity, claims against them for wrongful imprisonment, arising out of the execution of Judge Springer's order, were similarly barred by immunity. The court granted the motion. The Harrys timely appealed to this court.

## II. STANDARD OF REVIEW

Dismissal pursuant to Rule 12(b)(6) is appropriate only when "'it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996) (quoting *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995)); *see also Rochon v. City of Angola*, 122 F.3d 319, 320 (5th Cir. 1997). We review the district court's action de novo, accepting as true all well-pleaded facts in the Harrys' complaint. *Meadowbriar Home for Children*, 81 F.3d at 529.

This Court reviews grants of summary judgment de novo, applying the same standard as the district court. *Tango Transp. v. Healthcare Fin. Services LLC*, 322 F.3d 888, 890 (5th Cir. 2003). Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court views the evidence in the light most favorable to the non-movant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

## III. DISCUSSION

A.

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). This immunity can be overcome only by demonstrating that the conduct complained of was non-judicial or by showing that the conduct was "in the complete absence of all jurisdiction." *Id*. Here, Judge Springer acted in a judicial role. Judicial acts are those that are "normally performed by a judge" and that affect parties who "dealt with the judge in his judicial capacity." *Id*. at 285.

The Harrys argue that Judge Springer is not entitled to judicial immunity because she acted in "complete absence of all subject matter jurisdiction." They point to the Mississippi Court of

4

Appeals decision, which held that she acted without subject matter jurisdiction. Despite the Harrys' arguments to the contrary, the Mississippi Court of Appeals' decision that Judge Springer acted without subject matter jurisdiction is not coterminous with the conclusion that she acted in "complete absence of all subject matter jurisdiction." If this were the case, each and every time a judge decided an issue where an appellate court later found subject matter jurisdiction lacking, that judge would have no judicial immunity. That proposition seems antithetical to the concerns underlying absolute judicial immunity, a doctrine meant to ensure that "'a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)).

The Harrys argue that Judge Springer had a dire motive and that she knowingly acted without subject matter jurisdiction. This, however, is not reflected in the record. The statute in question was susceptible to more than one interpretation. Additionally, even if the Harrys could point to some sort of dire motive, Judge Stringer would still be entitled to judicial immunity. "[A] judicial act does not become less judicial by virtue of an allegation of malice or corruption of motive . . . ." *Stump v. Sparkman*, 435 U.S., 349, 362 (1978). Accordingly, the district court properly dismissed the Harrys' suit against Judge Springer.

B.

The Harrys also argue that Elonzo Harry was wrongfully imprisoned under the control of Sheriff Sollie and Lauderdale County. In their brief, the Harrys concede that the immunity of Sheriff Sollie and Lauderdale County is "derivative" of Judge Springer's absolute immunity. Because Judge Springer was entitled to absolute immunity, Sheriff Sollie and Lauderdale County, who acted

5

pursuant to a valid order, are also entitled to immunity. As previously discussed, Judge Springer was not acting in "complete absence of all subject matter jurisdiction." *See Mays v. Sudderth*, 97 F. 3d 107, 113 (5th Cir. 1996). "[A]n official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction." *Id.*

## IV. CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED.