IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-30153
Summary Calendar

GETZELL JOHNSON MURRELL, SR

Plaintiff-Appellant

v.

CARL CASTERLINE; LES PHILLIPS; CINDY PIKE; STEVE AYCOCK; HARRIS HATCHETT; ROBERT TAPIA; FREDRICK JEFFERSON; M CANNON; LANE GREMILLION

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CV-257

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Getzell Johnson Murrell, federal inmate # 87468-011, appeals the district court's dismissal of his pro se suit filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), following summary judgment for the defendants. Murrell alleged that the defendants were deliberately indifferent to his serious medical needs because they exposed

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him to secondhand cigarette smoke while he was incarcerated at the federal prison in Pollack, Louisiana.

Murrell argues that the district court erred when it granted the defendants' motion for summary judgment because his evidence shows that the defendants were deliberately indifferent to his medical needs when they refused to enforce a no smoking policy. This court reviews the grant of a motion for summary judgment de novo. Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is appropriate when, considering all of the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.." FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the moving party meets his burden of showing that no genuine issue exists, the burden shifts to the nonmoving party to produce evidence or set forth specific facts showing the existence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. Little, 37 F.3d at 1075.

To succeed on a Bivens cause of action, the plaintiff must demonstrate a constitutional violation. Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982). Murrell's argument that the district court applied the wrong test to decide the defendants' motion for summary judgment is unavailing. To state an Eighth Amendment violation based on exposure to secondhand smoke, a prisoner must prove objectively that he is "being exposed to unreasonably high levels of ETS." Helling v. McKinney, 509 U.S. 25, 35 (1993). Second, the

prisoner must show subjectively that prison authorities demonstrated a "deliberate indifference" to his plight. Id.

With regard to Helling's objective prong, the magistrate judge took judicial notice of a June 2006 Surgeon General's report that concluded that there is no safe level of exposure to secondhand smoke and concluded that Murrell met Helling's first prong. Because the defendants did not object to the magistrate judge's report and recommendation and did not file a cross-appeal, they are precluded from appellate review of their argument that Murrell failed to establish this prong. See Matter of Toyota of Jefferson, Inc., 14 F.3d 1088, 1091 n.1 (5th Cir. 1994).

Murrell has established that a genuine issue of material fact exists concerning whether the defendants were subjectively deliberately indifferent to his plight. Whitley v. Hunt, 158 F.3d 882 (5th Cir. 1998), abrogated on other grounds, Booth v. Churner, 532 U.S. 731 (2001); Rochon v. City of Angola, 122 F.3d 319, 320 (5th Cir. 1997). Murrell's summary judgment evidence shows that the defendants knew that Murrell was allergic to environmental tobacco smoke (ETS) and that ETS caused him to have migraines and high blood pressure. Murrell specifically asked the defendants to enforce the no smoking policy. His evidence, particularly the sworn statements of two other inmates, indicates that prison officials essentially looked the other way when inmates smoked in their cells or in other no smoking areas. He also asked prison officials to house him with inmates who did not smoke and gave the officials the inmates' names. The prison responded that it was not feasible to move him. Accordingly, the district court erred when it granted the defendants' motion for summary judgment. Moreover, the defendants are not entitled to qualified immunity. See Rochon, 122 F.3d at 320.

Murrell also argues that summary judgment was inappropriate because the defendants did not timely respond to his request for admissions and his requests should have been deemed admitted. Under Federal Rule of Civil Procedure 36(a), requests for admissions are deemed admitted if not answered within 30 days. See Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991) ("Under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). Any matter admitted under Rule 36 is deemed conclusively established unless the court permits withdrawal of the admission. FED. R. CIV. P. 36(b). Further, if the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party. Dukes v. South Carolina Ins. Co., 770 F.2d 545, 548-49 (5th Cir. 1985). In this case, the plaintiff's requests were served March 13, 2006, and responses were not filed until May 2, 2006. The requests for admissions that defendants failed to timely respond to concerned the essential issues of this claim. The deemed admissions conclusively establish that the defendants were deliberately indifferent to Murrell's serious medical needs. Thus, the deemed admissions also provide a basis for concluding that the grant of summary judgment to defendants was erroneous. See, e.g., Hill v. Breazeale, 197 Fed. Appx. 331, 337 (5th Cir. 2006).[1]

---

[1] Upon remand, under Federal Rule of Civil Procedure 36(b), the district court could, on motion, permit the deemed admissions to be withdrawn or amended "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b). However, even if the deemed admissions were set aside, summary judgment would nonetheless be inappropriate because, as discussed above, the summary judgment evidence shows that a material issue of genuine fact exists regarding whether the defendants were deliberately indifferent.

The district court's dismissal of Murrell's suit is VACATED, and the case is REMANDED for further proceedings.