# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-40340
Summary Calendar

GETZELL JOHNSON MURRELL, SR

Plaintiff-Appellant

v.

ERNEST V CHANDLER, Warden; MARIE J CARTER, Administrative Warden;
AL HAYNES, Associate Warden; RONALD G THOMPSON, Regional Director;
O IVAN WHITE, Assistant Regional Director; ET AL

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-184

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Getzell Johnson Murrell, federal inmate # 87468-011, appeals the district court's denial of his pro se suit filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Murrell alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to enforce a no smoking policy at the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison in Beaumont, Texas, thereby exposing him to excessive levels of environmental tobacco smoke (ETS). This court vacated the district court's dismissal of Murrell's ETS claim for failure to state a claim for which relief could be granted and remanded the case to the district court for further proceedings.

On remand, the district court dismissed Defendant Harrell Watts for lack of personal jurisdiction and dismissed the remaining defendants pursuant to summary judgment. Murrell does not challenge the dismissal of Defendant Watts for lack of subject matter jurisdiction and has, therefore, abandoned any argument relative to his dismissal. See Geiger v. Jowers, 404 F.3d 371, 373 n.6 (5th Cir. 2005)

Murrell argues that the district court violated the law of the case doctrine when it granted summary judgment for the defendants on his ETS claim. Murrell misapprehends the difference between dismissals for failure to state a claim and the availability of summary judgment. Summary judgment is appropriate when, considering all of the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, "'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting FED. R. CIV. P. 56(c)). If the moving party meets his burden of showing that no genuine issue exists, the burden shifts to the nonmoving party to produce evidence or set forth specific facts showing the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. Little, 37 F.3d at 1075. This court reviews the grant of a motion for summary judgment de novo. Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996).

To succeed on a Bivens cause of action, the plaintiff must demonstrate a constitutional violation. Garcia v. United States, 666 F.2d 960, 961 (5th Cir.

1982). A Bivens action is analogous to an action under § 1983 except that § 1983 applies to constitutional violations by state, rather than federal actors; this court does not distinguish between Bivens and § 1983 claims. Izen v. Catalina, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

In Helling v. McKinney, 509 U.S. 25, 28 (1993), the Supreme Court set forth a two-prong test to determine whether exposure to second-hand smoke entitles an inmate to injunctive relief because it violates his Eighth Amendment right to be free from cruel and unusual punishment. First, a prisoner must prove objectively that he is "being exposed to unreasonably high levels of ETS." Helling, 509 U.S. at 35. In assessing this first factor, the court must inquire into the seriousness of the potential harm and into the likelihood that second-hand smoke will actually cause such harm. Id. at 36. The court is further required to determine "whether society considers the risk . . . to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Id. Second, the prisoner must show subjectively that prison authorities demonstrated a "deliberate indifference" to his plight. Id.

Murrell's sworn declaration included the following competent summary judgment evidence: he was assigned to a non-smoking unit but smokers were housed at the same unit; he was exposed to excessive levels of ETS 12 to 24 hours a day in his housing unit and at the factory where he worked; the smoke was often so thick in his housing unit that he had to hold a wet towel over his face to breathe; he advised the defendants that the no smoking policy was not being enforced and that he was having serious health problems that included migraine headaches and respiratory problems. See Hart v. Hairston, 343 F.3d 762, 764 n.1, 765 (5th Cir. 2003). This evidence creates genuine issues of material fact regarding whether Murrell objectively proved that he was exposed to unreasonably high levels of ETS and whether the defendants were subjectively deliberately indifferent to his plight. See Helling, 509 U.S. at 35-36; Whitley v. Hunt, 158 F.3d 882 (5th Cir. 1998), abrogated on other grounds,

3

Booth v. Churner, 532 U.S. 731 (2001) (Prisoner Litigation Reform Act requires exhaustion of administrative remedies regardless of what relief is available through administrative procedures), and Rochon v. City of Angola, 122 F.3d 319, 320 (5th Cir. 1997). Therefore, the district court erred when it granted summary judgment for the defendants on Murrell's ETS claim.

Murrell further argues that the district court erred when it granted summary judgment for Defendants Carter, White, Mallisham, Watts, Thompson, Saputo, and Williams because he had no evidence of their personal involvement. A supervisory official is not liable for the actions of subordinates on a theory of vicarious liability or respondeat superior, but he will have personal liability if he is personally involved in a constitutional deprivation or if there is a sufficient causal connection between the supervisor's conduct and the violation. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Murrell presented evidence that he advised Defendants Carter, White, Mallisham, Thompson, Saputo, and Williams, either verbally or in written grievances, that the no smoking policy was not being enforced at the prison at Beaumont and that he was having serious health problems as a result. This evidence creates a genuine issue of material fact as to whether the defendants were involved in violating Murrell's Eighth Amendment right to be free of cruel and unusual punishment. See Thompkins, 828 F.2d at 303-04. Accordingly, the district court's grant of summary judgment for these defendants on the basis that they lacked personal involvement was error.

Murrell argues that the district court erred when it determined that the defendants were entitled to qualified immunity from his suit. Public officials are entitled to qualified immunity from suit under § 1983 unless the plaintiff makes specific allegations that the officials violated clearly established law. Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996). This court uses a two-part test to determine if qualified immunity applies. "First, [this court] determine[s] if the

plaintiff has stated a violation of a clearly established constitutional right. If so, [this court] next examine[s] the reasonableness of the defendant's conduct." Id.

As set forth above, Murrell has presented evidence that creates a genuine issue of material fact as to whether the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The defendants, therefore, are not entitled to qualified immunity. See Rochon, 122 F.3d at 320.

The judgment for defendant Watts is AFFIRMED; judgment for the remainder of the defendant-appellees is REVERSED and REMANDED.