# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-60568
Summary Calendar

JERRY MARCUS

Plaintiff-Appellant

v.

CHRISTOPHER EPPS, Commissioner, in his individual capacity; LATITIA ROACH, Director of Classification, in her individual capacity; THERESA MCCAIN, Case Manager, in her individual capacity; BARBARA BAILEY, Supervisor of Records Department, in her individual capacity

Defendants-Appellees

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CV-230

---

Before JONES, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jerry Marcus, Mississippi prisoner # 44262, filed a 42 U.S.C. § 1983 complaint against four prison officials asserting various claims arising out of a cell reassignment. The district court dismissed the complaint for failure to state a claim. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Marcus is a prisoner, his § 1983 complaint is governed by the provisions of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Under either statute we employ the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). Under the Rule 12(b)(6) standard, a plaintiff fails to state a claim upon which relief can be granted when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (quotation marks, citations, and footnote omitted).

Marcus's allegations concerning the cell reassignment and the inability to obtain personal hygiene products and long underwear are insufficient to state a due process or Eighth Amendment claim. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (due process); Farmer v. Brennan, 511 U.S. 825, 834 (1994). (Eighth Amendment). In addition, although Marcus asserts claims of retaliation and discrimination in his brief, he did not raise those claims in the district court; thus, we decline to address them. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

However, Marcus's claims concerning exposure to environmental tobacco smoke may give rise to an Eighth Amendment violation. The Supreme Court has recognized the potential existence of such a claim and has set out the elements that the defendant must prove. Helling v. McKinney, 509 U.S. 25, 28 (1993). Marcus must allege sufficient facts to show that prison officials were deliberately indifferent to his serious medical needs by exposing him to environmental tobacco smoke which posed an unreasonable risk to his health. See Rochon v. City of Angola, 122 F.3d 319, 320 (5th Cir. 1997). Marcus alleged that he has been exposed to environmental tobacco smoke, that it has caused him injury in the form of elevated blood pressure and damage to blood vessels,

and that the defendants were aware of and ignored this risk to his health. Although inartful, his complaint does not fail to allege sufficient facts to state a facially plausible claim for relief at this juncture, although the ultimate viability of Marcus's claim is dubious. See Oliver v. Deen, 77 F.3d 156 (7th Cir. 1996).

Accordingly, we VACATE the portion of the judgment that dismissed Marcus's Eighth Amendment claims based on exposure to environmental tobacco smoke, and we REMAND for further proceedings consistent with Helling. We AFFIRM the judgment of the district court in all other respects.