# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2010

Charles R. Fulbruge III
Clerk

No. 08-31089

ARTHUR RAY ROBINSON

Plaintiff - Appellant

v.

STATE OF LOUISIANA; RICHARD L STALDER; BURL CAIN;
LIEUTENANT KEVIN BENJAMIN; KATHLEEN BLANCO, Governor;
PAULINA SIMS, Classification Official

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-1016

Before JOLLY and DENNIS, Circuit Judges, and BOYLE, District Judge.[*]

PER CURIAM:[**]

Arthur Ray Robinson is an inmate who alleges that prison officials'—and the former governor's—deliberate indifference to second-hand smoke in the Louisiana State Penitentiary violated his right to be free from unreasonable levels of secondhand smoke. The district court granted summary judgment for

---

[*] District Judge, Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-31089

all of the defendants in this § 1983 action. We affirm as to all defendants except Kevin Benjamin.

Summary judgment is appropriate only when there is no genuine issue of material fact, and we review *de novo*. *LaBarge Pipe & Steel Co. v. First Bank*, 550 F.3d 442, 449 (5th Cir. 2008). To bring an action for unreasonable exposure to secondhand smoke, a prisoner must show that the level of smoke "pose[s] an unreasonable risk of serious damage to his future health" and that the defendant acted with deliberate indifference. *Helling v. McKinney*, 509 U.S. 25 (1993). He cannot, however, sue the state for damages under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Regarding the first prong, Robinson presents affidavits of fellow prisoners showing consistent exposure to smoke in the prison, and provides evidence of negative health effects to others and to himself. This presents a genuine issue of material fact. *See Rochon v. City of Angola*, 122 F.3d 319, 320 (5th Cir. 1997).

As to deliberate indifference, Robinson has met the burden of production only as to Benjamin. He makes no specific allegations against Blanco and Sims, and the uncontroverted evidence shows that Stalder's and Cain's responses did not evince deliberate indifference. With respect to Benjamin, he alleges that he apprised Benjamin that inmates in the nonsmoking dormitory were engaged in massive violations of the no-smoking rule, which was injurious to the health of himself and others, and that Benjamin took no action whatsoever to correct the health violation although it was his obligation to do so. The magistrate's reliance on Lt. Poret's affidavit that there was a rule that was, to his knowledge, enforced amounts to a credibility determination that is inappropriate for summary judgment. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). The district court should not have granted summary judgment in favor of Benjamin. We therefore must remand for further

No. 08-31089

consideration and, if necessary, proceedings regarding the claims against Benjamin.

AFFIRMED in part, REVERSED in part, and REMANDED.