# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2010

No. 09-30018
Summary Calendar

Lyle W. Cayce
Clerk

MARVIN EDWARD WARE,

Plaintiff-Appellant

v.

ANTHONY BATSON; RICHARD PUSCH; R L STALDER; STATE OF LOUISIANA; GEORGE SAVAGE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CV-1705

Before KING, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Marvin Edward Ware, Texas prisoner # 123116, appeals the summary judgment in favor of the appellees in his 42 U.S.C. § 1983 action, in which he alleged that he has been exposed to excessive environmental tobacco smoke. We granted Ware's motion for leave to proceed in forma pauperis (IFP) and ordered the parties to file briefs.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ware argues that the district court erred in granting the appellees' summary judgment motion concerning his environmental tobacco smoke claim. Ware further asserts that Batson and Savage lied in their affidavits concerning his housing from February 28 to March 7, 2008, and therefore, they cannot be trusted. He contends the district court ignored this evidence that Batson and Savage lied and improperly dismissed his case.

We review the district court's grant of summary judgment de novo. *See Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the burden to "demonstrate the absence of a genuine issue of material fact." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted).

The district court erred in determining that Ware did not present any competent summary judgment evidence. Ware's complaint constitutes competent summary judgment evidence. *See Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003) (declarations in verified complaint are competent summary judgment evidence). In his verified complaint, Ware alleged that: he was housed in a nonsmoking dorm which did not have a good ventilation system; over half of the inmates in his dorm and some employees smoked; inmates smoked inside when the unit's doors were locked; inmates also smoked in the yard in the front of the building and smoke went into the dorm through the windows; and Ware was exposed to smoke in the stands at the ball field, while he walked to and from the dining hall, and while he worked in the kitchen. He alleged that Sergeants Washington, Johnson, Shoemaker, and Montgomery, as well as Captain Smith, also smoked in the building. He alleged that he suffered headaches and red eyes as a result of exposure to environmental tobacco smoke. Ware also filed a grievance, alleging that inmates frequently violated the no-smoking policies and

that he suffered headaches due to the exposure to the environmental tobacco smoke. Warden Wayne Millus denied the grievance because Ware did not identify the inmates who violated the no-smoking policies. Ware alleged that Secretary Stalder responded that nothing could be done until August 2009. He alleged he wrote letters to George Savage and the Warden but he got no response.

Ware's verified complaint provides sufficient summary judgment evidence to create a genuine issue of material fact concerning whether he was exposed to unreasonable levels of environmental tobacco smoke and, therefore, to withstand the defendants' motion for summary judgment. *See Helling v. McKinney*, 509 U.S. 25, 28 (1993); *see also Whitley v. Hunt*, 158 F.3d 882, 888 (5th Cir. 1998), *overruled on other grounds*, *Booth v. Churner*, 532 U.S. 731 (2001); *Rochon v. City of Angola*, 122 F.3d 319, 320 (5th Cir. 1997). Ware's verified complaint and grievance create a genuine issue of material fact concerning whether the defendants actually enforced the no-smoking policy on a regular basis and, if not, whether the defendants' failure to enforce the policy constituted deliberate indifference to Ware's exposure to environmental tobacco smoke. *See Helling*, 509 U.S. at 36. The district court's reliance on the defendants' affidavits that the no-smoking policy was enforced amounted to a credibility determination that was inappropriate for summary judgment. *See Robinson v. Louisiana*, 363 F. App'x 307, 308 (5th Cir. 2010). Therefore, the district court erred in granting a summary judgment on this claim for the defendants. *See Little*, 37 F.3d at 1075. We VACATE the judgment as to Ware's environmental tobacco smoke claim, and REMAND the case for further proceedings concerning this claim.