# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30054
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2014

Lyle W. Cayce
Clerk

ROBERT BRUCE,

Plaintiff-Appellant

v.

BODIE LITTLE; DANIEL ALSUP; SHERIFF'S OFFICE OF WINN PARISH;
TOMMY FOSTER; WALTER HAMPTON; PHILLIP VINES,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-1541

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Franklin Bruce, Louisiana prisoner # 397176, filed a 42 U.S.C. § 1983 complaint and amended complaint against several officials at the Winn Parish Jail. According to Bruce, he underwent a quadruple bypass surgery prior to being transferred to Winn Parish Jail. Following his transfer, he fell in the shower and was injured, but jail officials failed to provide treatment. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30054

also alleged that jail officials refused to transport him to scheduled follow up appointments at LSU Medical Center and failed to provide treatment despite his suffering various symptoms related to his heart condition and loss of vision in one eye.  He further alleged denial of access to courts and a claim of exposure to environmental tobacco smoke (ETS).  In addition to monetary damages, Bruce sought injunctive relief.  On recommendation of the magistrate judge, and over objections by Bruce, the district court sua sponte dismissed the complaint with prejudice, determining that Bruce's allegations failed to state a claim regarding denial of medical care and denial of access to courts; that his ETS claim, first raised in his objections, was not within the scope of his amended complaint; and that his claim for injunctive relief was moot in light of Bruce's transfer to another facility.  For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.

A district court shall at any time dismiss a prisoner's § 1983 complaint if, inter alia, it fails to state a claim.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).  We review the dismissal of a complaint for failure to state a claim de novo.  *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).  A complaint must set forth enough facts, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  However, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  Further, before dismissing a pro se complaint, a district court ordinarily should give the litigant an opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).  In addition, Rule 15 of the Federal Rules of Civil

No. 13-30054

Procedure permits amendment once as a matter of course and otherwise provides that leave to amend should be freely given. FED. R. CIV. P. 15(a).

Bruce's objections to the magistrate judge's report may be construed as seeking leave to amend, *see United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996), which the district court effectively denied by overruling the objections and adopting the report. We conclude that this was an abuse of discretion. *See id.*; *see Lowrey v. Texas A&M University System*, 117 F.3d 242, 245 (5th Cir. 1997). We now turn to whether Bruce's pleadings set forth sufficient facts to state a claim.

*Eighth Amendment Claims*

To state an Eighth Amendment claim based on prison conditions, a plaintiff must show a sufficiently serious deprivation and must show that the relevant official or officials acted with deliberate indifference to inmate health or safety. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (citations omitted). With respect to medical care, prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Bruce alleged that he fell in the shower and injured himself and that the jail failed to provide treatment. According to Bruce, the shower did not drain, requiring inmates to stand on a milk crate to avoid standing in water. Although he was given nitroglycerin after his fall, Bruce alleged that he also injured his chest, back, neck, shoulders, knees and left hand and was not given treatment for these injuries. In addition, he continued to complain of pain, shortness of breath, and decreased mobility in his knees but was not treated. Further, he was later diagnosed with injuries as a result of his fall.

No. 13-30054

To the extent that Bruce challenges an unsafe condition with respect to the shower, he alleged that officials knew of the problem and took no steps to alleviate it. This is sufficient to state a claim based on an unsafe condition. To the extent that Bruce complains that he was not provided medical treatment for the injuries he sustained as a result of the fall, Bruce's allegations set forth enough facts to state a plausible claim that jail officials were deliberately indifferent.

In addition to the fall in the shower, Bruce alleged that he fainted in his cell on more than one occasion and suffered other symptoms, including shortness of breath, weakness, difficulty walking, nausea, and blue lips, all related to his heart condition. He also continued to experience problems with his eye. According to Bruce, he was examined by the parish coroner, who told officials that Bruce needed to be seen by his physicians at LSU Medical Center to determine why he was experiencing his symptoms, but they refused. After one fainting episode, he was allegedly left on the ground for several minutes and told by the warden he would have to walk down the stairs if he wanted to go to the hospital. He was unable to do so, and inmates had to help carry him down the stairs to the ambulance. Although he was treated at the hospital with oxygen and nitro spray, a physician at the hospital allegedly told the transport guards and a nurse that Bruce needed to be seen by his LSU physicians to determine the cause of his symptoms. However, they refused to take him to LSU. In addition, according to Bruce, jail officials refused to take him to scheduled follow-up medical appointments. Taken as true, Bruce's allegations are sufficient to state a plausible claim of deliberate indifference to a serious medical need. *See Easter v. Powell*, 467 F.3d 459, 461-63 (5th Cir. 2006); *Erickson*, 551 U.S. at 94.

4

No. 13-30054

Bruce further alleged that he suffered trouble breathing as a result of exposure to ETS.  Prison officials may violate the Eighth Amendment by, with deliberate indifference, exposing inmates to excessive levels of ETS.  *Helling v. McKinney*, 509 U.S. 25, 35–39 (1993); *Rochon v. City of Angola, La.* 122 F.3d 319, 320 (5th Cir. 1997) (per curiam).  Bruce alleged that five to six prisoners would smoke at a time, exposing everyone to the smoke; that guards were unable to see due to a metal wall blocking their view of the cells; that the jail's no-smoking policy was not enforced; that when inmates ran out of cigarettes, they purchased smokeless tobacco, dried it, and then rolled it into cigarettes; and that he complained about the smoking to no avail.  He also alleged that the exposure contributed to his worsening health problems, including his difficulty breathing, his chest pains, his nausea, his fainting, and his coronary artery disease.  Although imperfect, given liberal construction, his allegations state a claim for ETS exposure.

*Denial of access to courts*

Bruce also alleged that he was denied access to courts by various actions by the warden, resulting in dismissal of certain matters.  As the magistrate judge concluded, Bruce was required to identify a "nonfrivolous, arguable underlying claim" that he would have raised.  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  Bruce did not do so in his objections, nor does he do so in his brief to this court.  Bruce has thus abandoned any claim of error on this point.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

*Americans with Disabilities Act Claims*

Intertwined with his constitutional claims, Bruce alleged in a conclusory fashion that the defendants' actions violated the Americans with Disabilities Act (ADA).  However, Bruce failed to allege any facts supporting an ADA claim.

Further, he offers only conclusory assertions of ADA violations in his brief and has abandoned any such argument.  *See Yohey*, 985 F.2d at 224-25.

*Injunctive relief*

The district court correctly concluded that Bruce's claim for injunctive relief against Winn Parish Jail was rendered moot by his transfer.  *See Herman*, 238 F.3d at 665.  Bruce's brief does not expressly contest this conclusion, and he has thus abandoned any challenge to it.  *See Yohey*, 985 F.2d at 224.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part and VACATED in part, and this matter is REMANDED for further proceedings consistent with this opinion.  We intimate no opinion regarding the merits of any of Bruce's claims.