# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2014

Lyle W. Cayce
Clerk

No. 13-31140
Summary Calendar

LOVE ALTONIO BROOKS,

Plaintiff-Appellant

v.

FREDRICK MENIFEE; KENNETH MONTGOMERY; S. AIRINGTON,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-131

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Love Altonio Brooks (# 45225-053) filed the instant *Bivens*[1] suit against officials at USP Pollock, alleging that they were deliberately indifferent to his right to be free from excessive exposure to environmental tobacco smoke (ETS) and retaliated against him for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

complaining about ETS.  Following a bench trial, the district court denied relief.

Brooks argues that his due process rights were violated at trial when the U.S. Marshals denied him the use of a pen and pencil, which he asserts impeded his ability to take notes during the defendants' testimony in preparation for cross-examination.  Because he makes no allegation that he was harmed as a result, the claim fails.  *See Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993).

The majority of Brooks's appellate arguments are devoted to the contention that the district court's denial of relief on his deliberate-indifference claim was error.  First, he urges that the district court misapplied the objective prong of the two-prong test set forth in *Helling v. McKinney*, 509 U.S. 25 (1993), by requiring him to establish that the ETS to which he was exposed was pervasive.  He is incorrect.  *See id.* at 29-30, 35; *see also Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (finding no Eighth Amendment violation based on intermittent exposure to ETS).  Second, Brooks argues that the district court erred in refusing to consider *Murrell v. Casterline*, 307 F. App'x 778 (5th Cir. March 25, 2008), and the inmate affidavits submitted therein. However, he does not show that the case involved the same time frame or housing unit as his case and therefore fails to demonstrate any error on the district court's part in refusing to consider *Murrell*.  Third, Brooks challenges the district court's finding that his housing unit was not continuously smoke-filled and that he was not exposed to unreasonably high levels of ETS.  The district court's finding is not clearly erroneous.  *See DeMoss v. Crain*, 636 F.3d 145, 149 (5th Cir. 2011).  To the extent that Brooks complains that the district court should have credited his testimony over the defense witnesses', this court

will not overturn the district court's credibility determinations. *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000).

The record supports the district court's conclusion that Brooks failed to establish the objective prong of a deliberate-indifference claim under *Helling*. *See* 509 U.S. at 35-36; *see also Richardson*, 260 F.3d at 499. That being so, we need not address the numerous arguments Brooks raises challenging the district court's findings with respect to the subjective element. *See Helling*, 509 U.S. at 35.

Brooks also states that the denial of relief on his retaliation claim was error. However, he briefs no argument challenging the district court's reasons for denying the retaliation claim and has thus abandoned the argument. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Additionally, Brooks contends that the district court was biased against him, citing evidentiary rulings that did not go in his favor, as well as the fact that his claims were ultimately denied. He has not demonstrated that the district court had a personal, extrajudicial bias against him, and his conclusional allegation of bias stemming from the court's adverse rulings is not sufficient to support a finding of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Mizell*, 88 F.3d 288, 299-300 (5th Cir. 1996).

The district court's judgment is AFFIRMED.