# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20086
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2015

Lyle W. Cayce
Clerk

RODERICQUE THOMPSON,

Plaintiff - Appellant

v.

HOUSTON FEDERAL DETENTION CENTER; TWO UNKNOWN
CORRECTIONS OFFICERS; UNKNOWN MEDICAL DOCTOR,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3402

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Rodericque Thompson, federal prisoner # 59846-019, challenges the dismissal of his *Bivens* action for failure to exhaust his administrative remedies. *See* 28 U.S.C. § 1915A; *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) (action against federal actors). This court reviews *de novo* a § 1915A dismissal, using the same standard applicable to dismissals

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-20086

under Federal Rule of Civil Procedure 12(b)(6).  *E.g., Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014).

Thompson asserts he was not required to exhaust his administrative remedies because he sought relief unavailable from the administrative process (monetary damages).  To the contrary, a prisoner is required to exhaust administrative remedies even when seeking such damages.  *E.g., Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *see also, e.g., Murrell v. Chandler*, 109 F. App'x 700, 700–01 (5th Cir. 2004) (per curiam).

In the alternative, Thompson contends he was entitled to equitable tolling of the administrative-grievance process, either because of his later discovery of his claims or because of the lack of available relief.  Proper exhaustion includes compliance with the agency's critical procedural rules, including deadlines, *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006), and district courts have no discretion to excuse a failure to exhaust, *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam).

AFFIRMED.