# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30746
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2015

Lyle W. Cayce
Clerk

HAROLD JOE BLACK,

Plaintiff-Appellant

v.

CONCORDIA PARISH DETENTION CENTER; RANDELL MAXWELL; J. LEVY DABADIE CORRECTIONAL CENTER; WINN CORRECTIONAL CENTER; DAVID WADE CORRECTIONAL CENTER; TERRY TERRELLE; JERRY GOODWIN; PEGGY E. LANDRY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CV-1714

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Harold Joe Black, formerly Louisiana prisoner #111111 appeals the dismissal of his civil rights complaint, arguing that the district court erred in concluding that he had not stated a claim upon which relief could be granted against the defendants. He also contends that the district court and the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate judge acted improperly by conducting a second screening of his case. This latter contention is meritless, as the district court is obligated to dismiss, at any time during the proceeding, an in forma pauperis (IFP) prisoner complaint that fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

The district court could properly dismiss Black's claims only if his factual allegations "taken as true, do not state a claim that is plausible on its face." *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (internal quotation marks and citation omitted). We review the dismissal of Black's complaint "de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

A prison official may be held liable under the Eighth Amendment for denying a prisoner humane conditions of confinement only if he acts (or fails to act) with "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

The Supreme Court set forth a two-prong test to determine whether exposure to environmental tobacco smoke (ETS) entitles an inmate to relief because it violates his Eighth Amendment right to be free from cruel and unusual punishment. First, a prisoner must prove objectively that he is "being exposed to unreasonably high levels of ETS." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Second, the prisoner must show subjectively that prison authorities demonstrated a "deliberate indifference" to his plight. *Id.* at 36.

Landry's denying Black release to parole in 2004 does not plausibly state a claim of Landry's deliberate indifference to Black's ETS exposure. *See*

*Coleman*, 745 F.3d at 763. Black's allegations that Terrell and Maxwell exposed him to ETS in the past also fail to state plausible claims upon which relief may be granted. *See Farmer*, 511 U.S. at 828; *Watts v. Graves*, 720 F.2d 1416, 1422-23 (5th Cir. 1983). Black has not briefed and has therefore waived any argument regarding the prison facilities he named as defendants. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). However, with respect to Goodwin and Leblanc, the record reflects that Black filed administrative complaints and wrote a letter to Goodwin alleging that the prison's smoking policy was not enforced and that his exposure to ETS aggravated his prostate cancer. When he was unsatisfied with the denial of his administrative complaint, Black appealed, and his appeal was denied by Leblanc or Leblanc's designee.

Taking Black's allegations as true, he has stated a plausible claim that Goodwin and Leblanc knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *See Rochon v. City of Angola,* 122 F.3d 319, 320 (5th Cir. 1997). Black should therefore be provided an opportunity "to develop his case at least to the point where any merit it contains is brought to light." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). "It may be possible for the defendants by motion for summary judgment to set forth facts beyond genuine dispute that would prove the nonexistence of a valid claim on the merits." *Id.* at 221.

The judgment of the district court is affirmed with respect to the dismissal of Black's claims against Landry, Terrell, Maxwell, and the prison facilities. However, because Black has pleaded plausible claims for relief against Goodwin and Leblanc, the dismissal of Black's claims against them is vacated and remanded for further proceedings. *See Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010).

No. 14-30746

AFFIRMED IN PART; VACATED AND REMANDED IN PART.